George A. McKNIGHT, Claimant–
Appellant,

v.

Hershel W. GOBER, Acting Secretary
of Veterans Affairs, Respondent–
Appellee.

No. 97–7062.

United States Court of Appeals,
Federal Circuit.

Dec. 16, 1997.

Michael J. Mooney, Mooney & Park, Cincinnati, OH, for claimant-appellant.

Lee M. Straus, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for respondent-appellee. With him on brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Kathryn A. Bleecker, Assistant Director. Of counsel on brief was Richard J. Hipolit, Attorney, Department of Veterans Affairs, Washington, DC.

Before ARCHER, Chief Judge,
NEWMAN, and MICHEL, Circuit Judges.

PER CURIAM.

George McKnight appeals the April 18, 1997, decision of the Court of Veterans Appeals which affirmed the January 19, 1996, decision of the Board of Veterans Appeals (the "Board") denying McKnight's request to reopen his claim for service connected disability benefits. Because the interpretation by the Court of Veterans Appeals of the statutory provision requiring notification to veterans of the evidence required to complete their applications was in accordance with law, we affirm.

BACKGROUND

George McKnight served in the United States Army from May 20 to June 23, 1958. In October 1974, McKnight submitted a claim for service connection for asthma. This claim was denied by a regional office of the Department of Veterans Affairs (the "Department") the following month. At a personal hearing in April 1975, McKnight further explained his claim and presented a doctor's letter stating that McKnight had related suffering his first asthma attack while engaged in basic training in 1958. The regional office issued a confirmed ratings decision in April 1975 denying McKnight's claim.

In October 1975, the Board remanded the case instructing the regional office to seek alternative sources of information regarding

McKnight's service since his service records were destroyed in the 1973 National Personnel Records Center fire. After completing its efforts to obtain this information, the regional office again denied McKnight's claim and the Board affirmed the denial, finding that the asthma was not demonstrated during McKnight's military service and was not reported until several years after his separation from service.

In September 1991, after McKnight notified the Department that he intended to reopen his claim, McKnight was advised by letter that:

> If you wish to reopen your claim, you must furnish new and material evidence not previously considered. The evidence must show that the condition(s) existed within one year of your date of discharge to the present time or that the condition(s) incurred during military service have existed from date of discharge to the present time.

A confirmed rating decision was issued in April 1992 to which McKnight responded with a Notice of Disagreement. McKnight submitted several affidavits from friends and family alleging a connection between McKnight's asthma and his service. These included affidavits from a veteran colleague, who recalled that when McKnight was sent to the hospital in June 1958 he was said to be suffering from asthma, and from a doctor, who remembered treating McKnight for asthma but was unsure of the dates when this occurred. The Board denied a reopening of the claim because McKnight had not presented any new and material evidence. The Court of Veterans Appeals affirmed, determining that the new affidavits were cumulative and did not provide a sufficient nexus between McKnight's asthma and his military service. In addition, it further determined that the Department satisfied its duty to notify McKnight of what was needed to complete his application pursuant to 38 U.S.C. § 5103(a) (1994). On appeal, McKnight argues that the Court of Veterans Appeals erred by determining that the Department

had properly notified McKnight according to this provision. In particular, McKnight contends that section 5103(a) requires that the Department notify him of the extent and quality of evidence necessary to prove his claim and that he be given an opportunity to submit revised affidavits including a more specific physician's opinion.

## ANALYSIS

### I.

When reviewing decisions of the Court of Veterans Appeals we decide all relevant questions of law and set aside any regulation or interpretation thereof found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 38 U.S.C. § 7292(d)(1) (1994). However, other than when reviewing constitutional issues, we may not review challenges to factual determinations or to a law as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (1994). Here, McKnight is asking us to review the interpretation by the Court of Veterans Appeals of the notice requirement of section 5103(a).[1] Consequently, we have jurisdiction to review this decision.

### II.

The meaning of section 5103(a) is a question of statutory interpretation that we review *de novo* applying the standard of review set forth in section 7292(d)(1). *See Smith v. Brown*, 35 F.3d 1516, 1517 (Fed.Cir. 1994). Section 5103(a) states, in relevant part, "[i]f a claimant's application for benefits under the laws administered by the Secretary is incomplete, the Secretary shall notify the claimant of the evidence necessary to complete the application." McKnight contends that this section was misinterpreted by the Court of Veterans Appeals to require such notification only when the incomplete application submitted by the veteran put the Department on notice that there may be other evidence to obtain. The Court of Vet-

---

1. If we do not disagree with the interpretation by the Court of Veterans Appeals of section 5103(a) then we must affirm because the court found that "there is no reference to any additional evidence which [the Department] failed to obtain, and no

indication that objective medical evidence existed elsewhere." *McKnight v. Brown*, No. 96–0440, slip op. at 4, 1997 WL 598131 (Vet.App. Mar. 27, 1997).

erans Appeals determined "[t]he duty to notify pursuant to section 5103(a) ... imposes an obligation upon the [Department] to notify an individual of what is necessary to complete the application where there is an incomplete application that references other known and existing evidence.... The duty to notify does not require the [Department] to advise and correct the technical syntax of submitted evidence." *McKnight,* slip op. at 4 (citation omitted). We agree with *Robinette v. Brown,* 8 Vet.App. 69 (1995), in which the Court of Veterans Appeals determined that the Department had an obligation to notify the veteran under section 5103(a) when the circumstances of the case put the Department "on notice that relevant evidence may have existed, or could have been obtained, that, if true, would have made the claim 'plausible' and that such evidence had not been submitted with the application." *Id.* at 80. Thus, section 5103(a) imposes a duty on the Department to notify the veteran of the evidence needed to complete a submitted application when the Department is aware, or reasonably should be aware, of the existence of such relevant evidence. While the Department is not required to rewrite and refine the veteran's submissions, it is required to notify the veteran when the circumstances reasonably suggest that such additional relevant evidence may be found elsewhere. The source of the Department's awareness, whether from the veteran or otherwise, and the source or location of the evidence are all irrelevant. If the Department knows or should know, it must tell.

█ McKnight contends that section 5103(a) requires the Department to enumerate exactly what his application needs by way of further evidentiary support for his claim to prevail. McKnight appears to suggest that section 5103(a) places an absolute duty of notification on the Department under all circumstances. He argues that the Department's duty to notify veterans of deficiencies in their applications should not arise "only when [the veteran's] defective evidence fortuitously alluded to evidence that could be obtained and which might be probative." Certainly, if there is ambiguity in the statute, "interpretive doubt is to be resolved in the veteran's favor." *Brown v. Gardner,* 513 U.S. 115, 118, 115 S.Ct. 552, 555, 130 L.Ed.2d 462 (1994) (citation omitted). Nevertheless, the language of the provision does not suggest so broad an obligation. Nor, has any legislative history been cited that would support such an interpretation. As correctly interpreted by *Robinette,* we find nothing in the statute to suggest that Congress intended the Department to notify veterans of the particular evidence needed to make their applications complete where the Department could not reasonably have had notice of the existence of such evidence. The interpretation by the Court of Veterans Appeals is entirely in accordance with law.

Because the interpretation of section 5103(a) by the Court of Veterans Appeals was not erroneous and because we cannot review much less disturb its factual findings or application of law to the facts, we must

*AFFIRM.*