PER CURIAM.
 

 Russell E. Smith appeals from the decision of the Court of Appeals for Veterans Claims affirming the Board of Veterans’ Appeals’ denial of his request to reopen his claim for service-connected disability benefits.
 
 See Smith v. West,
 
 No. 95-638 (CAVC Apr. 7, 1999). Because Smith does not raise an issue with respect to the validity of any statute or regulation or any interpretation thereof that was relied on by the Court of Appeals for Veterans Claims, we dismiss for lack of jurisdiction.
 

 BACKGROUND
 

 Smith is a veteran of both the United States Marines and the United States Army, having served in the Marines for three months in 1946 and in the Army for fifteen months from 1950 to 1951.
 
 See id.,
 
 slip op. at 1-2. He was honorably discharged from both the Marines and the Army due to unsuitability for service because of enuresis and related behavioral and psychiatric problems.
 
 See id.
 
 Smith has applied to the Department of Veterans Affairs (“the agency”) for disability benefits several times.
 
 See id.
 
 at 2-3. Each of his applications was denied because the agency found that his psychiatric conditions pre-existed, and were not aggravated by, his service.
 
 See id.
 
 Following the denial of an application in 1993, Smith submitted more evidence in support of his disability claim.
 
 See id.
 
 at 3. The Board found it cumulative of record evidence it had previously considered, and thus not new and material evidence that his disabilities were incurred or aggravated during service.
 
 See id.
 
 Smith appealed this finding to the Court of Appeals for Veterans Claims, which affirmed, holding that the Board did not clearly err in finding the newly submitted evidence cumulative.
 
 See id.
 
 at 4-5. Smith timely appealed to this court in accordance with 38 U.S.C. § 7292 (1994).
 

 DISCUSSION
 

 Our jurisdiction to review a judgment of the Court of Appeals for Veterans Claims, set forth in 38 U.S.C. § 7292, is highly circumscribed.
 
 See Helfer v. West,
 
 174 F.3d 1332, 1335 (Fed.Cir.1999). “[A]ny party ... may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court [of Appeals for Veterans Claims] in making the decision.”
 
 See
 
 38 U.S.C. § 7292(a) (1994). We must decide “all relevant questions of law, including interpreting constitutional and statutory provisions,” and
 

 hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Appeals for the Veterans Claims that [we] find to be—
 

 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 

 (B) contrary to constitutional right, power, privilege, or immunity;
 

 (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
 

 (D) without observance of procedure required by law.
 

 Id.
 
 § 7292(d)(1). However, “[e]xcept to the extent that an appeal ... presents a
 
 *1333
 
 constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.”
 
 Id.
 
 § 7292(d)(2).
 

 The only issues raised on appeal are whether the agency misconstrued 38 U.S.C. § 5103(a) (1994), and whether it thereby violated Smith’s right to due process, by failing to inform Smith as to what would constitute “new and material evidence” of service connection. Smith argues that “the Agency has a duty to inform the vetetan, prior to the denial of the claim, of what evidence the Agency has been unable to collect or develop in order to support an award of benefits.” App. Br. at 9. Smith further argues that “the Agency deprived [him of] his property right to submit a claim for reopening with new and material evidence without giving accord to the procedural due process afforded to such a right.”
 
 Id.
 
 at 16.
 

 The agency responds that Smith is precluded from raising a challenge to the interpretation or application of section 5103(a) or a due process challenge because he did not raise those issues in any of the proceedings below. It further argues that, were we to reach the merits of Smith’s statutory interpretation argument, under
 
 McKnight v. Gober,
 
 131 F.3d 1483 (Fed.Cir.1997), the agency “does not have an absolute duty pursuant to 38 U.S.C. § 5103(a) to inform claimants, whenever they submit a claim to. reopen, as to what evidence constitutes new and material evidence sufficient to support a reopening of a claim.” Resp. Br. at 17.
 

 We agree with the agency that the statutory interpretation issue in this appeal is not properly before us. 38 U.S.C. § 7292(a) provides that “any party ... may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof ...
 
 that was relied on by the Court
 
 [of Appeals for Veterans Claims] in making its decision.” (emphasis added). Compliance with the jurisdictional statute re-quires that the issue raised on appeal be one of validity or interpretation that the veterans court expressly decided or impliedly addressed. Thus, our jurisdiction of an appeal requires that the issue raised relate to the validity of a statute or regulation, or an interpretation thereof,
 
 and
 
 that it have been relied on by the veterans court in its decision. If an issue of interpretation is first raised on appeal here, it cannot have been relied on below, unless the court itself raised it and relied on it
 
 sua sponte.
 
 The “relied on” language ordinarily means that the issue of validity or interpretation was a part of the court’s decision as indicated by its written opinion. Of course, we have held that avoidance of an issue by the veterans court, when that issue was raised below, does not deprive an appellant of the right to raise that issue again here.
 
 See Linville v. West,
 
 165 F.3d 1382, 1384 (Fed.Cir.1999).
 

 This holding is consistent with our earlier decision in
 
 Boggs v. West,
 
 188 F.3d 1335, 1338 (Fed.Cir.1999), where we stated that “[t]he Court of Appeals for Veterans Claims did not rely on the interpretation of law that is now raised on appeal. Thus Boggs has no statutory right of appeal on an issue that was not raised and relied on below.” The rule we reaffirm here, in addition to being statutorily based, has the salutory effect of avoiding surprise. As we further stated in
 
 Boggs,
 
 “[t]his rule ensures that ‘parties may have the opportunity to offer all the evidence they believe relevant to the issues ... [and] in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence.’ ”
 
 Boggs,
 
 188 F.3d at 1338 (quoting
 
 Hormel v. Helvering,
 
 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941)). In addition, we benefit from the thinking of the Court of Appeals for Veterans Claims on issues with which it is thoroughly familiar. The time to set the parameters of a case is before it comes to this court. An appellant who has not settled on an appealable issue until he or she has arrived at this court has thus missed the train.
 

 
 *1334
 
 In this case, like
 
 Boggs,
 
 the only issue presented to the Court of Appeals for Veterans Claims was the factual issue concerning whether the veteran presented new and material evidence of service connection.
 
 See id.
 
 at 1337. Like the statutory interpretation issue presented in
 
 Boggs,
 
 the statutory interpretation issue presented in this case was never raised or addressed in the Court of Appeals for Veterans Claims and we therefore cannot address it here.
 
 See id.
 
 Having represented Mr. Boggs in that case, Smith’s counsel is well aware of this rule.
 
 Boggs
 
 has been followed by other cases affirming its holding as the rule in this court.
 
 See Bradley v. West,
 
 No. 99-7200, 2000 WL 274285 (Fed.Cir. Mar.13, 2000);
 
 Wright v. DVA,
 
 No. 98-3328, 1999 WL 1212017 (Fed.Cir. Dec.15, 1999);
 
 Siewart v. West,
 
 No. 99-7053, 1999 WL 969891 (Fed.Cir. Dec.8, 1999) (nonpreeedential cases). The only distinction we would make over
 
 Boggs
 
 is the technical one of dismissing the appeal, rather than affirming, as we did in
 
 Boggs.
 

 The constitutional argument that Smith raises here also was not raised below. In the absence of a timely challenge to the constitutionality of a statute or regulation, or its interpretation, we similarly have no jurisdiction.
 
 Cf. In re Bailey,
 
 182 F.3d 860, 865 (Fed.Cir.1999) (holding that we have jurisdiction to review a “freestanding” constitutional issue not involving a challenge to the interpretation or validity of a statute or regulation).
 

 In addition to asking this court to adjudicate issues not raised below, Smith presents the same statutory interpretation arguments raised and rejected in
 
 McKnight.
 
 Even though
 
 McKnight
 
 is the leading case on this issue, it was not cited in Smith’s opening brief or distinguished in his reply brief. Arguing for the first time on appeal a position already decided by this court, without even citing that prior precedent, runs dangerously close to bringing a frivolous appeal.
 

 Section 5103(a) states that “[i]f a claimant’s application for benefits under the laws administered by the Secretary is incomplete, the Secretary shall notify the claimant of the evidence necessary to complete the application.” 38 U.S.C. § 5103 (1994). In
 
 McKnight
 
 we explicitly rejected the precise argument raised here, that section 5103(a) requires the agency to notify the veteran, in all circumstances, what he needs by way of further evidentiary support in order to reopen his claim. We held that section 5103 does
 
 not
 
 impose an absolute obligation on the agency to notify the veteran what evidence would be required to reopen a claim.
 
 See McKnight,
 
 131 F.3d at 1485. Rather, we interpreted section 5103(a) as imposing an obligation to notify the veteran of factual evidence needed when the circumstances of the case “put [it] ‘on notice that relevant evidence may have existed, or could have been obtained, that if true, would have made the claim “plausible” and that such evidence had not been submitted with the application.’ ”
 
 Id.
 
 at 1485 (quoting
 
 Robinette v. Brown,
 
 8 Vet.App. 69, 80 (1995)). In other words, we held that the agency is required to notify the veteran “when the circumstances reasonably suggest that such additional relevant evidence may be found elsewhere.”
 
 Id.
 
 “[N]othing in the statute suggests] that Congress intended the Department to notify veterans of the particular evidence needed to make their applications complete where the Department could not reasonably have had notice of the existence of such evidence.”
 
 Id.
 
 It therefore also follows that since there is no absolute duty to notify, there can be no
 
 per se
 
 violation of due process for failure to give such notice.
 

 CONCLUSION
 

 As in
 
 Boggs,
 
 Smith has raised issues not presented or addressed below and we therefore cannot address them. The appeal is therefore
 

 DISMISSED.