CLEVENGER, Circuit Judge.
 

 Robert S. Belcher appeals the judgment of the United States Court of Appeals for Veterans Claims, which affirmed a Board of Veterans’ Appeals decision denying Mr. Belcher’s claim for benefits based on a psychiatric disability.
 
 See Belcher v. West,
 
 No. 97-1374, slip op. at 8, 1999 WL 503950 (1999). We dismiss the appeal for lack of jurisdiction.
 

 
 *1336
 
 I
 

 Mr. Belcher served on active duty in the United States Navy from July 1943 to April 1944. While on active duty, Mr. Belcher was hospitalized in a psychiatric ward, where an examination report noted him to be hostile, withdrawn, and “seclusive,” with persistent auditory and visual hallucinations. Mr. Belcher reported to his treating doctors that his hallucinations had begun when he was about 15 years old, when he had experienced significant personal trauma. A series of psychiatric diagnoses identified Mr. Belcher’s condition as, alternatively, schizophrenia, mental deficiency, or “psychosis with mental deficiency.” Prior to his discharge, a Medical Evaluation Board (“MEB”) concluded that Mr. Belcher’s condition pre-existed his service in the Navy.
 

 Since his discharge from the Navy over fifty years ago, Mr. Belcher has unsuccessfully sought benefits for his psychiatric disability based on his military service. Mr. Belcher’s most recent effort began in 1992, when he filed a claim for service connection for a nervous condition. An appeal to the Board of Veterans’ Appeals in 1996 resulted in an examination by a Department of Veterans Affairs physician, who concluded that Mr. Belcher was indeed suffering from a'current psychiatric disorder, and that the disorder appeared at about age 15, before Mr. Belcher’s service in the Navy. A regional office of the Department of Veterans Affairs concluded that Mr. Belcher’s condition was not aggravated by his service and denied service connection. The Board of Veterans’ Appeals affirmed.
 

 The Court of Appeals for Veterans Claims concluded that Mr. Belcher had presented a well-grounded claim for service connection, but that his claim failed on its merits. That court, reviewing the evidence in the record, noted multiple diagnoses of Mr. Belcher pinpointing the onset of his disorder well before his entry into the Navy. The court determined that this evidence outweighed the lay statements of his family and friends in the record and provided “clear and unmistakable evidence” sufficient to overcome the statutory presumption of soundness extended to all veterans. The court then held that there was insufficient evidence in the record to conclude that Mr. Belcher’s condition worsened while in the Navy. Accordingly, the court affirmed the Board of Veterans’ Appeals denial of service connection. Mr. Belcher now appeals from that decision.
 

 II
 

 On appeal, Mr. Belcher’s primary argument is that the Court of Appeals for Veterans Claims failed to follow the dictates of 38 C.F.R. § 3.304(b)(3) by allowing medical diagnoses based on Mr. Belcher’s own statements to form the basis of the denial of service connection. That is, section 3.304(b)(3) provides that:
 

 Signed statements of veterans relating to the origin, or incurrence of any disease or injury made in service if against his or her own interest is of no force and effect if other data do not establish the fact.
 

 Mr. Belcher argues that, when properly interpreted, section 3.304(b)(3) prohibits the use of medical evaluations and diagnoses, where the conclusions of such examinations are based even upon
 
 oral
 
 statements made by the veteran “relating to the origin, or incurrence of any disease or injury.” Thus, Mr. Belcher argues that the multiple diagnoses placing the onset of his disorder at the age of 15, as based on his statements to that effect, cannot be used to overcome the statutory presumption of soundness established by 38 U.S.C. § 1111 (1994). Mr. Belcher faults the Court of Appeals for Veterans Claims for having failed to appreciate and accept this argument based on section 3.304(b)(3).
 

 This argument, however, suffers from a fatal jurisdictional flaw. At oral argument, counsel for Mr. Belcher forthrightly admitted that the section 3.304(b)(3) argument had not been presented to the Court of Appeals for Veterans Claims. Our jurisdiction over this
 
 *1337
 
 case is provided by 38 U.S.C. § 7292(a) (Supp.1999),
 
 see Maggitt v. West,
 
 202 F.3d 1370, 1374 (Fed.Cir.2000),
 
 Glover v. West,
 
 185 F.3d 1328, 1331 (Fed.Cir.1999),
 
 Bailey v. West,
 
 160 F.3d 1360, 1362 (Fed.Cir.1998) (en banc), which states in relevant part (emphasis added):
 

 After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter)
 
 that was relied on by the Court in making the decision.
 

 This court has held that section 7292 is a jurisdictional bar to our consideration of a legal issue or argument (one directed to the validity or interpretation of a statute or regulation) on appeal absent at least one of two conditions: (1) the Court of Appeals for Veterans Claims
 
 addressed
 
 the issue or argument, or (2) the issue or argument was
 
 raised
 
 by a party to the Court of Appeals for Veterans Claims.
 
 See Smith v. West,
 
 214 F.3d 1331, 1334 (Fed.Cir.2000);
 
 Linville v. West,
 
 165 F.3d 1382, 1384 (Fed.Cir.1999). We reasoned that where the Court of Appeals for Veterans Claims neither addresses a legal issue nor has such an issue presented to it, that court cannot be said to have “relied on” the issue or argument “in making its decision.” 38 U.S.C. § 7292(a);
 
 see Smith,
 
 214 F.3d at 1334 (legal issues not presented or addressed below lack jurisdiction on appeal);
 
 cf. Linville,
 
 165 F.3d at 1384-85 (holding that legal issues presented to the Court of Appeals for Veterans Claims are “relied on” by that court, even if silently rejected or ignored).
 

 The Supreme Court’s recent decision in
 
 Sims v. Apfel,
 
 530 U.S. -, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000), is not to the contrary. In
 
 Sims,
 
 the Court considered the issue exhaustion requirement for appeals from the Social Security Appeals Council, when no statute or regulation addressed the issue.
 
 See
 
 120 S.Ct. at 2083-84 (“Here, the Commissioner does not contend that any statute requires issue exhaustion in the request for review.... SSA regulations do not require issue exhaustion”). In contrast, 38 U.S.C. § 7292(a) speaks directly to the requirement of issue exhaustion.
 
 See Smith,
 
 214 F.3d at 1334;
 
 Maggitt,
 
 202 F.3d at 1374;
 
 Linville,
 
 165 F.3d at 1384. Furthermore,
 
 Sims
 
 deals with review of an agency decision by a court, as opposed to this case, which considers our review of another court’s judgment.
 
 See
 
 38 U.S.C. § 7251 (Supp.2000) (“There is hereby established ... a court of record to be known as the United States Court of Appeals for Veterans Claims.”).
 

 In this case, Mr. Belcher’s 38 C.F.R. § 3.304(b)(3) issue was not addressed by or presented to the Court of Appeals for Veterans Claims. Accordingly, we are without jurisdiction to consider it.
 
 See Smith,
 
 214 F.3d at 1334 (no jurisdiction over issues not addressed or raised below);
 
 cf. Linville,
 
 165 F.3d at 1385 (jurisdiction to consider issue properly raised below).
 
 [1]
 

 Ill
 

 Having been required to set aside Mr. Belcher’s primary argument on appeal, we turn to his remaining arguments. To the extent he raises additional arguments, Mr. Belcher simply argues that the Court of Appeals for Veterans Claims incorrectly determined that the evidence provided “clear and unmistakable evidence” rebutting the presumption that he entered the Navy in sound condition.
 
 See
 
 38 U.S.C. § 1111 (1994) (“[E]very veteran shall be taken to have been in sound condition when examined, accepted or enrolled for service except ... where clear and
 
 *1338
 
 unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service.”)- But whether the evidence regarding Mr. Belcher’s pre-ex-isting condition rises to the level of “clear and unmistakable evidence” is simply the application of the facts to the legal standard established by section 1111, an issue that we are without jurisdiction to consider.
 
 See
 
 38 U.S.C. § 7292(d)(2) (“[T]he Court of Appeals [for the Federal Circuit] may not review ... a challenge to a law or regulation as applied to the facts of a particular case.”);
 
 Harris v. West,
 
 203 F.3d 1347, 1350 (Fed.Cir.2000). Thus, we must dismiss his appeal.
 

 IV
 

 Mr. Belcher’s primary argument on appeal was not presented to the Court of Appeals for Veterans Claims and cannot now be raised. His remaining arguments simply challenge the application of the facts of his case to the established law of 38 U.S.C. § 1111, a question that we are without power to review. Accordingly, Mr. Belcher’s appeal is dismissed.
 

 COSTS
 

 No costs.
 

 DISMISSED
 

 [1]
 

 . We note in passing that our holding here is based on the precise statutory language of 38 U.S.C. § 7292 and obviously does not pertain to our jurisdiction to hear arguments in cases where our jurisdiction is not provided by section 7292.