DECISION
PER CURIAM.
Marvin D. Brown appeals from the decision of the United States Court of Appeals for Veterans Claims dismissing his appeal for lack of jurisdiction. See Brown v. West, No. 98-1777 (Vet.App. Oct. 13, 1999). Because we conclude that the Court of Appeals for Veterans Claims did not err in dismissing Brown’s appeal for being untimely filed, we affirm.
BACKGROUND
After receiving an honorable discharge from active duty served in the Marines between 1976 and 1980, Brown reentered military service in June 1981. Brown was subsequently discharged in March 1986 under conditions that were other than honorable. In 1995, Brown raised a claim at a Department of Veterans Affairs regional office (“RO”) for service connection for a left ankle injury obtained during his first period of service, and for post-traumatic stress disorder resulting from his experience during the bombing of the United States Marine Corps barracks in October 1983. The RO denied Brown’s claims because he had received a less than honorable discharge, and therefore he was not entitled to service connection. Brown appealed this RO decision to the Board of Veterans’ Affairs (“BVA”). On May 18, 1998, the BVA determined that Brown’s claim regarding his left ankle injury was not well-grounded, that there was no legal basis for Brown’s claim for service connection for his PTSD, and that no new and material evidence had been submitted to reopen the RO decision regarding the character of Brown’s discharge in March 1986. The BVA decision contained a “Notice of Appellate Rights” that indicated that the decision was appealable to the Court of Appeals for Veterans Claims up to 120 days from the date of mailing of notice of the BVA decision.
Brown sent a letter to the BVA on August 11, 1998 (the “August 11 letter”), stating his intent to appeal the decision and requesting information concerning his rights and responsibilities. The Department of Veterans Affairs replied to Brown’s request for information on September 17, 1998. Brown then filed a notice of appeal (“NOA”) with the Court of Appeals for Veterans Claims on September 23, 1998, which was 128 days after the BVA mailed its decision to Brown, i.e., eight days after the 120-day time limit.
On October 13, 1999, the Court of Appeals for Veterans Claims dismissed Brown’s appeal for lack of jurisdiction because of the late filing, after finding that Brown’s August 11 letter to the BVA was not a request for reconsideration or its functional equivalent and, therefore, did not toll the running of the 120-day appeal period. Brown timely appealed the Court of Appeals for Veterans Claims’ dismissal to this court. We have jurisdiction under 38 U.S.C. § 7292.
DISCUSSION
Our jurisdiction to review decisions of the Court of Appeals for Veterans Claims *871 is limited. We have jurisdiction “to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof ... and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.” 38 U.S.C. § 7292(c) (1994). Unless there is a constitutional issue presented, however, we may not review factual determinations or the application of law to a particular set of facts. Id. § 7292(d)(2). In addition, this court has held that section 7292 bars this court jurisdictionally from consideration of a legal issue or argument on appeal if the Court of Appeals for Veterans Claims did not address the issue or argument, or if a party did not present it to the Court of Appeals for Veterans Claims. Belcher v. West, 214 F.3d 1335, 1337 (Fed.Cir.2000); see also Smith v. West, 214 F.3d 1331, 1333 (Fed.Cir.2000) (“If an issue of interpretation is first raised on appeal here, it cannot have been relied on below, unless the court itself raised it and relied on it sua sponte.”).
Brown argues that the Court of Appeals for Veterans Claims abused its discretion by not tolling the 120-day appeal period set out in 38 U.S.C. § 7266. He contends that the Court of Appeals for Veterans Claims failed to consider the Board’s delay in responding to his August 11 request for assistance, the content of the Board’s response, and Brown’s diligence in seeking information from the Department of Veterans Affairs after the response was received. He contends that the Court of Appeals for Veterans Claims, instead, only considered whether his August 11 letter to the BVA was a motion for reconsideration.
Our review of the record before the Court of Appeals for Veterans Claims reveals that Brown did not raise any of the issues he now asserts regarding the BVA’s conduct in responding to his August 11 letter, or his due diligence in following the BVA’s instructions once he received the reply to his inquiry. Rather, Brown only argued to the Court of Appeals for Veterans Claims that his August 11 letter should be treated as a motion for reconsideration and that he had been tricked into missing the 120-day appeal deadline, because the RO had incorrectly informed him that he could appeal the BVA decision by sending a letter within the 120-day period to either the Court of Appeals for Veterans Claims or the BVA stating his wish to appeal. The Court of Appeals for Veterans Claims declined to address the argument that Brown was tricked into missing the deadline, finding no evidentiary support in the record for that allegation. As to the nature of the August 11 letter, the court determined that it did not meet the requirements of a motion for reconsideration or the equivalent thereof.
Because Brown did not raise the issues he now asserts before the Court of Appeals for Veterans Claims and because these issues were not addressed by that court, we are jurisdictionally barred from addressing them for the first time in this appeal. 38 U.S.C. § 7292; Belcher, 214 F.3d at 1337; Smith, 214 F.3d at 1333.
While we have granted in banc review in Forshey v. Gober, 226 F.3d 1299 (2000), to reconcile that opinion with our decisions in Belcher and Smith, we believe that even under the panel’s opinion in Forshey, we should properly refrain from now addressing Brown’s equitable tolling claim. The panel in Forshey noted that it is sometimes appropriate to address an issue not raised below when “the issue is one of pure law; the proper resolution is beyond all doubt; there was no opportunity to raise the objection below; it is a significant question of general impact or public concern; or it is in the interest of substantial justice.” Forshey, 226 F.3d at 1302-03. None of these reasons applies to Brown’s *872 equitable tolling claim. The panel in Forshey also emphasized the importance of “the greater latitude accorded claimants in informal and nonadversarial proceedings.” Id. at 1303. However, we do not believe that this factor alone can justify Brown’s failure to raise his equitable tolling argument below. The panel in Forshey also noted that the issue it chose to address “has never been subject to review and implicates the fundamental right of due process.... The issue is a purely legal one, and requires no additional factual development.” Id. at 1303. Again, none of these reasons is present here.
Brown also contends that the Court of Appeals for Veterans Claims abused its discretion by not taking into account the pro-claimant and paternalistic nature of the veterans’ benefit system when considering the principle of equitable tolling. In the present case, the Court of Appeals for Veterans Claims considered whether the August 11 letter to the BVA tolled the running of the NOA period. Brown v. West, slip op. at 5. It determined that equitable tolling did not apply because the “Notice of Appellate Rights,” as well as the other material before the court, “clearly and correctly informed the veteran of [his] rights and his responsibilities.” Id. In other words, the Court of Appeals for Veterans Claims in this case specifically found that Brown, through his own neglect, failed to timely file his NOA and that the statute of limitations could not therefore be tolled. In order to reverse the court’s decision, we would have to evaluate the facts and conclude otherwise, which we have no authority to- do. See 38 U.S.C. § 7292(d)(2); Leonard v. Gober, 223 F.3d 1374, 1376 (Fed.Cir.2000).
CONCLUSION
Because Brown did not raise the argument in the Court of Appeals for Veterans Claims concerning the characterization of his August letter as a request for assistance, we decline to consider this argument in the first instance in this appeal. Brown’s remaining argument challenges the application of the law of equitable tolling to the particular facts of this case, a question that is clearly beyond the purview of our jurisdictional authority. Accordingly, the court’s decision is affirmed.