NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7171

ERROL L. IVY,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Errol L. Ivy, of San Diego, California, pro se.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7171

ERROL L. IVY,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: November 19, 2007

_____

Before MICHEL, Chief Judge, RADER and MOORE, Circuit Judges.

RADER, Circuit Judge.

The United States Court of Appeals for Veterans Claims (Veterans Court) determined that Mr. Errol L. Ivy received a meaningful opportunity to participate in the adjudication of his claims. Therefore, the Veterans Court sustained the denial of his claim for service connection. Because Mr. Ivy raises only factual issues, this court dismisses for lack of jurisdiction.

I

Mr. Errol L. Ivy served honorably in the Navy for approximately six years from July of 1974 through August of 1980. The Navy assessed his physical and psychiatric condition as normal at the end of his service. In 1993, the regional officer denied Mr. Ivy's claim for entitlement to service connection for low back disability and chest pains.

Mr. Ivy did not appeal. In 2000, the regional office denied Mr. Ivy's claim for service connection for shoulder disability and psychiatric disorder. Mr. Ivy's attempt to reopen his claim for low back pain manifested by chest pain failed because he had submitted no new and material evidence. Mr. Ivy appealed to the Board of Veterans' Appeals (Board), and in 2003 the Board remanded for additional development and readjudication

On remand, the Board sent Mr. Ivy a notice under the Veterans Claims Assistance Act (VCAA), which counseled him on reopening his claim. The RO also issued a statement of case and a supplemental statement of case. On October 1, 2004, the Board denied Mr. Ivy's claim for entitlement to service connection for his shoulder disability and psychiatric disorder and denied his request to reopen his other claim of entitlement to service connection for his low back pain and chest pain. He argued that the Board did not comply with the VCAA.

In affirming the Board's decision, the Veterans Court noted that the Board erred by relying on both pre-decisional and post-decisional documents in its decision, but determined that the error was harmless because Mr. Ivy had received a meaningful opportunity to participate in the adjudication of his claims. Ivy v. Nicholson, 21 Vet. App. 420 (2006). The only issue before the Veterans Court was compliance with the VCAA.

II

This court lacks jurisdiction to review factual determinations made by the Veterans Court or that court's application of law to factual situations. 38 U.S.C. § 7292(d)(2).

All of Mr. Ivy's challenges to the Veteran's Court opinion are based on factual matters or upon an application of law to the facts. As such, Mr. Ivy's claims are not

within our jurisdiction to review. Mr. Ivy argues that the Veterans Court did not fully review the record and consider all of the evidence. He further contends that his attorney failed to address specific issues, file a reply brief, or consult with him. These, and the other arguments advanced by Mr. Ivy all involve factual determinations over which this court does not possess jurisdiction.

Not only are Mr. Ivy's arguments factual in nature, most of them were not raised in the Veterans Court. This court has held that 38 U.S.C. § 7292 is a jurisdictional bar to the consideration of a legal issue or argument on appeal absent at least one of two conditions: (1) the Court of Appeals for Veterans Claims addressed the issue or argument, or (2) the issue or argument was raised by a party to the Court of Appeals for Veterans Claims. Belcher v. West, 214 F.3d 1335, 1337 (Fed. Cir. 2000); Smith v. West, 214 F.3d 1331, 1334 (Fed. Cir. 2000); Linville v. West, 165 F.3d 1382, 1384 (Fed. Cir. 1999). Neither of these conditions occurred. In the Veterans Court, Mr. Ivy only argued that the Veterans Administration (VA) failed to properly comply with VCAA notice requirements. He therefore abandoned the other issues. Ford v. Gober, 10 Vet. App. 531, 535 (1997). The Veterans Court opinion even mentioned specifically that the other issues not argued in the brief were "deemed abandoned." Ivy, 21 Vet. App. at 420. Mr. Ivy's present contentions on appeal were thus not before the Veterans Court.

Because the only issue before the Veterans Court was VCAA compliance, this court may only address that issue on appeal. This issue, as noted, is factual as presented by Mr. Ivy. This court has held that the question of whether a particular notice satisfies the statutory and regulatory notification requirements of the VCAA is a factual determination of the "type that should be made by the agency in the first

instance." <u>Mayfield v. Nicholson</u>, 444 F.3d 1328, 1336 (Fed. Cir. 2006) (Mayfield II); <u>Mayfield v. Nicholson</u>, 499 F. 3d 1317, 1321 (Fed. Cir. 2007).

The Veterans Court sustained the Board's decision that the notice provided to Mr. Ivy was compliant. The Veterans Court noted that the notice occurred in "discussions in the RO decisions, the VCAA letters, and Statement of Case (SOC) and SSOCs." The Veterans Court noted that this basis was erroneous because it was based on a combination of various pre-decisional and post-decisional communications. <u>See</u> <u>Mayfied II</u>, 444 F.3d at 1334-35. If a notice error was committed, the Veterans Court must take account of the rule of prejudicial error. 38 U.S.C. § 7261(b)(2); <u>Overton v. Nicholson</u>, 20 Vet. App. 433, 435-37 (2006); <u>Conway v. Principi</u>, 353 F.3d 1369, 1374-75 (Fed. Cir. 2004). An error is considered prejudicial when it affects the essential fairness of the adjudication by preventing a claimant's meaningful participation in the adjudication of his or her claim. <u>McDonough Power Equip. v. Greenwood</u>, 464 U.S. 548, 553 (1984). A court may consider non-prejudicial those errors that do not influence the essential fairness of the proceedings. <u>Id.</u>

The Veterans Court determined that the error was not prejudicial because Mr. Ivy "was an active participant in the adjudication process and provided detailed argument with legal analysis, citing applicable federal statutes, VA regulations, and caselaw to support his claims." <u>Ivy</u>, 21 Vet. App. at 420. Throughout the adjudication process of both claims, Mr. Ivy was well aware of the character of evidence required to establish a service connection. <u>Id.</u> Mr. Ivy submitted medical documentation and letters throughout the adjudication process. <u>Id.</u> In one letter, Mr. Ivy specifically asserted that he was submitting documentation to establish the "nexus requirement" for service connection.

<u>Id.</u> To the extent that Mr. Ivy seeks to challenge the Veterans Court determination that there was no prejudice, his argument rests upon fact-based determinations that are beyond this court's jurisdiction. <u>Newhouse v. Nicholson</u>, 497 F.3d 1298, 1302 (Fed. Cir. 2007) ("Our jurisdictional statute … prevents us from reviewing [appellant's] contentions regarding actual prejudice.").

III

The issues argued by Mr. Ivy on appeal are either factual or dealing with the application of the law to the facts and as such are not within this Court's jurisdiction. Accordingly, this case is dismissed.