NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL R. RELEFORD,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7078

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3375, Judge Bruce E. Kasold.

---

Decided: December 17, 2010

---

DARLA J. LILLEY, Lilley Law Firm, P.L.L.C., Daingerfield, Texas, for claimant-appellant.

TARA K. HOGAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN

M. SIMKIN, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and DANA RAFFAELLI, Attorney, United States Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, and LOURIE, *Circuit Judge*, and WHYTE, *District Judge*.*

PER CURIAM.

Daniel R. Releford ("Releford") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming-in-part and vacating-in-part the decision of the Board of Veterans' Appeals ("Board") denying a disability rating higher than 50 percent prior to December 31, 2007, for his service-connected post-traumatic stress disorder ("PTSD"). *Releford v. Shinseki*, No. 08-3375, 2010 U.S. App. Vet. Claims LEXIS 574 (Vet. App. Apr. 5, 2010). Because Releford's appeal does not present any issues within this court's jurisdiction, this court *dismisses*.

I

Releford served on active duty from December 1965 to December 1968. In May 1995, he filed a claim for service connection for PTSD. In November 1995, a Department of Veterans Affairs ("VA") regional office ("RO") denied service connection. The RO decision later became final.

On July 8, 2004, Releford filed a claim to reopen. In August 2005, the RO granted service connection for PTSD with a 30 percent disability rating effective July 8, 2004. The RO later increased his disability rating to 50 percent.

---

* Honorable Ronald M. Whyte, District Judge, United States District Court for the Northern District of California, sitting by designation.

In March 2007, the Board ordered the VA to give Releford various examinations including a psychiatric examination to evaluate his PTSD claim. Releford underwent a psychiatric examination on December 31, 2007. On October 1, 2008, the Board found that the medical evidence of record did not support an initial rating higher than 50 percent but did support a rating of 70 percent as of the December 2007 examination.

On April 5, 2010, the Veterans Court affirmed-in-part and vacated-in-part the Board's decision. The Veterans Court affirmed the Board's decision to deny a scheduler disability rating greater than 50 percent for PTSD prior to December 31, 2007. The Veterans Court found that the Board properly examined the medical evidence of record, including medical reports from 2003 to 2007, and noted that the December 2007 medical report demonstrated for the first time that Releford was unable to establish and maintain occupational relationships. However, the Veterans Court found that the Board failed to discuss whether the evidence supported an extra-schedular disability rating for PTSD or otherwise explain why such a rating was not needed. The Veterans Court vacated a part of the Board's decision that denied by omission an extra-schedular rating for PTSD prior to December 31, 2007.

## II

This court's jurisdiction to review the Veterans Court's decisions is limited. This court has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2006). Absent a constitutional issue, this court "may not review (A) a challenge to

a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Releford argues that the Veterans Court misinterpreted 38 C.F.R. § 4.130 by ignoring that the application of the rating schedule demands "accurate and fully descriptive medical examination reports, with specific emphasis upon the limitation of activity imposed by the disabling mental condition." (Appellant Br. At 7.) Specifically, he alleges that the Veterans Court misinterpreted § 4.130 as allowing examinations that do not fully discuss psychiatric symptoms and their effects on social and occupational impairment.

Although Releford attempts to characterize his claim as involving interpretation of § 4.130, he actually claims that the medical examinations of record did not fully describe the level of his social and occupational impairment. Releford's argument regarding the inadequacy of the medical evidence involves factual matters outside this court's jurisdiction. *See Belcher v. West*, 214 F.3d 1335, 1338 (Fed. Cir. 2000). The Veterans Court did not interpret § 4.130. Releford merely challenges the Veterans Court's application of the established law to the facts of his case.

Accordingly, Releford's appeal does not present a constitutional issue or a genuine issue concerning the validity or interpretation of a statute or regulation pertinent to the Veterans Court's decision. This court thus will not reach the government's alternate argument that this court lacks jurisdiction on the ground that the review of the appealed claim would "disrupt the orderly process of adjudication" as it is "inextricably intertwined" with the remanded claim. *Elkins v. Gober*, 229 F.3d 1369, 1374-76 (Fed. Cir. 2000).

## III

Because this court does not have jurisdiction to review the issue on appeal, it dismisses Releford's appeal.

## **DISMISSED**

## COSTS

No costs.