NOTE: This disposition is nonprecedential

# United States Court of Appeals
# for the Federal Circuit

---

**JOHNNY B. GRIFFIN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS
AFFAIRS**
*Respondent-Appellee.*

---

2011-7111

---

Appeal from the United States Court of Appeals for
Veterans Claims in case no. 09-2047, Judge Alan G.
Lance, Sr.

---

Decided: October 12, 2011

---

JOHNNY B. GRIFFIN, of Milwaukee, Wisconsin, pro se.

KIMBERLY I. KENNEDY, Trial Attorney, Civil Division,
United States Department of Justice, of Washington, DC,
for respondent-appellee. On the brief were TONY WEST,
Assistant Attorney General, JEANNE E. DAVIDSON, Direc-
tor, and FRANKLIN E. WHITE, JR., Assistant Director. Of
counsel on the brief were MICHAEL J. TIMINSKI, Deputy

Assistant General Counsel, and THOMAS J. HERNANDEZ, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

Johnny B. Griffin ("Griffin") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), *Griffin v. Shinseki*, No. 09-2047 (Vet. App. Oct. 8, 2010). The Veterans Court affirmed a 2009 decision of the Board of Veterans' Appeals ("Board") denying his claims for entitlement to (1) a service connection for temporomandibular joint ("TMJ") disorder; (2) special monthly compensation based on the need for aid and attendance in connection with certain service-connected claims involving total disability; (3) an effective date earlier than June 19, 1995, for the award of a total disability based upon individual unemployability ("TDIU"); and (4) an increased rating for residuals of a mandibular fracture with atypical facial pain. We *dismiss*.

## BACKGROUND

The claims raised by Griffin in this appeal were first addressed by the Board in 2005. At that time, the Board remanded and reopened Griffin's claims of entitlement to service connection for TMJ and special monthly compensation to the Department of Veterans Affairs Regional Office ("RO"), but denied his claims of entitlement to an effective date earlier than June 19, 1995, for TDIU and an increased rating for residuals of a mandibular fracture with atypical facial pain. Griffin appealed to the Veterans Court the two claims which were denied by the Board.

The parties then filed a joint motion to vacate the Board's decision on the ground that the Board had failed to provide adequate reasons and bases for its denial of Griffin's claims. The Veterans Court granted the motion and remanded to the Board the claims of entitlement to service connection for TMJ and special monthly compensation.

Following an RO decision with respect to the two claims remanded to the Board, the Board considered all four claims together in a 2009 decision. With respect to Griffin's claims of entitlement to service connection for TMJ and special monthly compensation, the Board found that Griffin had failed to report for scheduled medical examinations after the claims were reopened. "[A] reopened claim for a benefit which was previously disallowed . . . shall be denied" where a veteran, "without good cause, fails to report for [an] examination" necessary to determine entitlement to a benefit. 38 CFR § 3.655. Because the Board found that Griffin was unable to show "good cause" for his failure to report for the examinations, the Board denied Griffin's claims of entitlement to service connection for TMJ and special monthly compensation.

After reviewing the evidence of record, the Board also found that weight of the evidence was against finding that Griffin was unable to obtain and retain employment due to service-connected disabilities prior to June 19, 1995. [1] As a result, Griffin's claim for an earlier effective date for TDIU was denied.

---

[1]    TDIU may be awarded if the veteran "is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities." 38 C.F.R. § 4.16(a); *see also* 38 C.F.R. § 4.16(b).

The Board in 2009 also denied Griffin's claim for an increased rating for residuals of a mandibular fracture with atypical facial pain. Griffin was awarded a 30 percent disability rating effective June 19, 1995, but argued that his mandibular fracture was more disabling than reflected by the 30 percent rating. After reviewing the evidence of record, the Board found that the evidence weighed against entitlement to a disability rating greater than 30 percent.

Griffin appealed the 2009 Board decision to the Veterans Court. Griffin's briefing to the Veterans Court presented arguments pertaining only to the claim for an earlier effective date for TDIU. Because Griffin failed to present any argument concerning the remaining claims, the Veterans Court deemed them abandoned. Addressing Griffin's claim for an earlier effective date, the Veterans Court noted that "[a] Board determination as to the proper effective date is a finding of fact that will not be overturned unless the Court finds the determination to be clearly erroneous." *Griffin*, No. 09-2047, slip op. at 2–3. "Because the Board provided adequate reasons or bases for the determination that an earlier effective date was not warranted," the Veterans Court affirmed the Board decision. *Id.* at 3. This appeal followed.

## DISCUSSION

Our jurisdiction to review the decisions of the Veterans Court is limited by statute. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002). We may review the validity of a Veterans Court's decision on "a rule of law or of any statute or regulation" or "any interpretation thereof" that the Veterans Court relied on in making its decision. 38 U.S.C. § 7292(a). We may not, however, review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a

particular case," unless the challenge presents a constitutional issue.  38 U.S.C. § 7292(d)(2).

Griffin argues that the Veterans Court failed to consider "all [of his] service-connected disabilities" when evaluating his claim for an earlier effective date for TDIU. In other words, Griffin argues that the Veterans Court incorrectly applied the regulations governing the determination and assignment of an effective date to the facts of his case.  We are statutorily prohibited from reviewing the Veterans Court's application of law or regulation to the facts of a particular case.  *See* 38 U.S.C. § 7292(d)(2).

Griffin also argues that the Veterans Court erred when it deemed abandoned his claims of entitlement to an increased rating for residuals of a mandibular fracture with atypical facial pain, service connection for TMJ, and special monthly compensation.  This court has held that 38 U.S.C. § 7292 is a jurisdictional bar to the consideration of a legal issue or argument unless it was properly raised by a party before the Veterans Court or addressed by the court itself.  *Belcher v. West,* 214 F.3d 1335, 1337 (Fed. Cir. 2000); *Smith v. West,* 214 F.3d 1331, 1334 (Fed. Cir. 2000); *Linville v. West,* 165 F.3d 1382, 1384 (Fed. Cir. 1999).  Griffin's claims of entitlement to an increased rating for residuals of a mandibular fracture with atypical facial pain, service connection for TMJ, and special monthly compensation were neither raised before the Veterans Court nor addressed by the court itself.

Because this court is without jurisdiction, we dismiss.

**DISMISSED**

COSTS

No costs.