NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MAURICE GRAYTON,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7105

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-1891, Judge Robert N. Davis.

---

Decided: January 9, 2015

---

MAURICE GRAYTON, Chula Vista, California, pro se.

ALEXANDER O. CANIZARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were JOYCE R. BRANDA, Acting Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and CLAUDIA BURKE, Assistant Director.

---

Before LOURIE, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Maurice Grayton appeals from the judgment of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the determination of the Board of Veterans Appeals (Board) that it was not reasonably feasible for Mr. Grayton to achieve a vocational goal for purposes of entitlement to vocational rehabilitation and training under Chapter 31 of Title 38 of the United States Code. *Grayton v. Gibson*, No. 13-1891, 2014 WL 2719673 (Vet. App. June 17, 2014) (*Veterans Court Decision*). We *affirm in part* and *dismiss in part*.

## BACKGROUND

Mr. Grayton served on active duty in the United States Marine Corps from 1982 until 1993. In June 2006, Mr. Grayton filed an application with the Department of Veterans Affairs (VA) for vocational rehabilitation benefits pursuant to Chapter 31 of Title 38 of the United States Code. At that time, Mr. Grayton had a service-connected disability rating of 80 percent, a total disability rating based on individual unemployability, and had not been employed since 2002. He was also attending school to achieve his bachelor's degree.

That month, Mr. Grayton attended a VA vocational rehabilitation orientation and underwent various counseling sessions and assessments. In January 2007, the VA Regional Office determined that Mr. Grayton had a serious employment handicap. Mr. Grayton agreed to participate in an Individualized Extended Evaluation Plan which provided books and equipment for use in completing school assignments.

Later that year, Mr. Grayton reported difficulty in obtaining employment. He indicated that he felt that he needed an advanced degree to obtain employment. After additional assessments and other guidance sessions, the

VA notified Mr. Grayton that it determined that it was not feasible for him to return to work, that he had not overcome his unemployability, and that a vocational goal was not feasible. The VA then ceased his vocational rehabilitation services.

The Board denied Mr. Grayton's appeal seeking to establish that achievement of a vocational goal was reasonably feasible. Mr. Grayton timely appealed that decision to the Veterans Court. The Veterans Court construed Mr. Grayton's appeal brief as arguing that the Board misapplied the regulations pertaining to vocational rehabilitation benefits and failed to provide an adequate statement of reasons or bases for its decision. *Veterans Court Decision* at *1. The Veterans Court affirmed, additionally finding that, to the extent Mr. Grayton alleged a violation of 42 U.S.C. § 1983, the court lacked jurisdiction over such an action. *Id.* at *3. Mr. Grayton appeals.

DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a) (2012). Except where an appeal raises a constitutional issue, we lack jurisdiction to review a "challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We find that the Veterans Court properly dismissed Mr. Grayton's claim under 42 U.S.C. § 1983. The Veterans Court's jurisdiction to hear appeals is governed by 38 U.S.C. § 7252, which strictly limits the Veterans Court's jurisdiction to the review of decisions by the Board. Jurisdiction over § 1983 claims lies with district courts, not the Veterans Court. *See* 28 U.S.C. § 1343; *Clemmons*

*v. United States*, 283 F. App'x 786, 787 (Fed. Cir. 2008). The Veterans Court therefore correctly concluded that an action under § 1983 is a civil action over which it lacks jurisdiction.

We lack jurisdiction to decide the remaining issues raised by Mr. Grayton on appeal. Mr. Grayton challenges the Veterans Court decision on the basis of his claims under the Federal Tort Claims Act for intentional infliction of emotional distress and his claims under the 6th and 14th Amendments. Appellant's Informal Br. at 1. However, Mr. Grayton did not raise these claims in his appeal to the Veterans Court and the Veterans Court did not address them. We lack jurisdiction to consider claims neither addressed by the Veterans Court nor raised by a party to the Veterans Court. *Belcher v. West*, 214 F.3d 1335, 1337 (Fed. Cir. 2000) (citing *Smith v. West*, 214 F.3d 1331, 1334 (Fed. Cir. 2000)).

We likewise lack jurisdiction over Mr. Grayton's final claims concerning breach of the Individual Extended Evaluation Plan or contract. Although Mr. Grayton used the terms "agreement" and "contract" in his appeal to the Veterans Court, J.A. 60, the Veterans Court construed his claims as alleging that the Board erred by misapplying the regulations to his case or by failing to provide an adequate statement of reasons or bases for its decision. We lack jurisdiction to review the Veterans Court decision under either interpretation. 38 U.S.C. § 7292(d)(2); *Cook v. Principi*, 353 F.3d 937, 940 (Fed. Cir. 2003) (concluding that the Federal Circuit lacks jurisdiction to review the Veterans Court's determination that the Board provided adequate reasons or bases for its decision).

## CONCLUSION

Because the Veterans Court properly dismissed Mr. Grayton's 42 U.S.C. § 1983 claim and Mr. Grayton raises no other argument or issue over which we have jurisdiction, we *affirm in part* and *dismiss in part*.

**AFFIRMED IN PART AND DISMISSED IN PART**

COSTS

No costs.