NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES W. RORIE,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1194

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5377, Chief Judge Michael P. Allen, Judge Joseph L. Falvey, Jr, Judge Joseph L. Toth.

---

Decided: June 17, 2026

---

TRACY KAY ALSUP, AlsupLaw, LLC, Beaverton, OR, argued for claimant-appellant.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY,

BRETT SHUMATE; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before REYNA, HUGHES, and STARK, *Circuit Judges.*

HUGHES, *Circuit Judge.*

James W. Rorie appeals a decision from the United States Court of Appeals for Veterans Claims that affirmed a decision by the Board of Veterans' Appeals denying entitlement to an effective date before November 18, 1988, for service-connected tinea pedis. *See Rorie v. McDonough,* 37 Vet. App. 430, 434 (2024). Because the Veterans Court determined that Mr. Rorie forfeited the arguments he now raises on appeal, we dismiss for lack of subject matter jurisdiction.

On appeal, Mr. Rorie argues that the Veterans Court misinterpreted 38 C.F.R. § 3.157(b) (1985) (repealed 2015) with respect to a 1985 VA examination report that he claims should have been interpreted as an informal claim for an increased disability rating for a previously "allowed" formal claim. *See* Appellant Br. 5–16. However, the Veterans Court found that this argument was forfeited because it was not raised in his opening brief. *Rorie,* 37 Vet. App. at 439 (citing *Andrews v. McDonough,* 34 Vet. App. 151, 159 (2021)). Before us, Mr. Rorie briefly challenges the Veterans Court's finding. *See* Appellant Br. 13 n.3. But the Veterans Court's finding is an application of law to fact that we do not have jurisdiction to review.[1] 38 U.S.C.

_____

[1]    To the extent that the Veterans Court's interpretation of § 3.157(b) could implicate a legal issue within this court's jurisdiction, Mr. Rorie raised this argument only in the context of a theory he forfeited at the Veterans Court. Accordingly, we lack jurisdiction. *See Belcher v. West,*

§ 7292(d)(2); *see Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004) ("[W]e are without jurisdiction to review a factual determination or an application of law to the particular facts in an appeal from the Court of Appeals for Veterans Claims.").

Because Mr. Rorie's arguments on appeal challenge the Veteran's Court's application of law to fact, we dismiss this appeal for lack of subject matter jurisdiction.

### DISMISSED

COSTS

No costs.

---

214 F.3d 1335, 1337 (Fed. Cir. 2000) (finding no jurisdiction to review an issue not properly raised to the Veterans Court).