# United States Court of Appeals for the Federal Circuit

04-7062

PETER R. KENT,

Claimant-Appellant,

v.

ANTHONY J. PRINCIPI, Secretary of Veterans Affairs,

Respondent-Appellee.

Kathy A. Lieberman, Lieberman & Mark, of Washington, DC, argued for claimant-appellant.

Carolyn J. Craig, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Patricia M. McCarthy, Assistant Director. Of counsel was Jeanne E. Davidson, Deputy Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel, and Ethan G. Kalett, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

04-7062

PETER R. KENT,

Claimant-Appellant,

v.

ANTHONY J. PRINCIPI,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  December 1, 2004

_____

Before NEWMAN, LINN, and PROST, Circuit Judges.

LINN, Circuit Judge.

Peter Kent ("Kent") appeals from the judgment of the United States Court of Appeals for Veterans Claims ("Veterans' Court") affirming the denial of his claim of clear and unmistakable error in a January 1953 decision denying service connection for his hearing loss.  Kent v. Principi, No. 02-917 (Vet. App. Oct. 28, 2003).  Because the Veterans' Court did not err in its interpretation of 38 U.S.C. § 1111 and because we cannot conclude that the Veterans' Court applied an incorrect standard of review, we affirm.

## I.  BACKGROUND

Kent served on active duty with the Marine Corps from June 11, 1951 to September 6, 1951.  Upon discharge from the Marine Corps, Kent entered the Marine Corps Reserve on active duty where he served until being honorably discharged on

December 1, 1951. Three separate medical examinations conducted on June 9, June 11, and September 3, 1951 indicated that Kent had no hearing loss. Kent underwent several hearing evaluations in November 1951 resulting in his discharge for hearing loss on December 1, 1951. During his evaluations, he admitted to the medical examiner that he had been aware of at least some hearing loss in his left ear since age 14. The examiner reported that deafness in the left ear existed prior to his entry into the Marine Corps and was "not aggravated by the service." The Marine Corps subsequently discharged Kent due to defective hearing in the left ear.

Kent applied for compensation and a pension seeking service connection for bilateral hearing loss in November 1952. The Regional Office denied the claim on January 6, 1953, concluding that Kent's "defective hearing pre-existed service and was not aggravated thereby." In August 1995, Kent filed a claim with his local Regional Office seeking revision of the January 1953 Regional Office decision denying service connection for his hearing loss. He argued that in 1953, the Regional Office failed to consider the presumption of soundness in its adjudication of his claim and that such failure constituted clear and unmistakable error ("CUE").

The Regional Office denied Kent's CUE claim, holding that there was no clear and unmistakable error in the 1953 decision. Subsequently, the Board of Veterans' Appeals ("Board") also denied the CUE claim. In re Kent, No. 93-05 430 (Bd. Vet. App. July 23, 1999). On appeal, the Veterans' Court vacated the Board's decision and remanded for re-adjudication and a decision supported by an adequate statement of reasons and bases. Kent v. Principi, No. 99-1450 (Vet. App. Feb. 21, 2002) (Order). On remand, the Board again denied Kent's claim, holding that there was no CUE in the

January 1953 Regional Office decision.  In re Kent, No. 93-05 430 (Bd. Vet. App. June 10, 2002).  The Board made clear that it was not conducting a de novo review of whether the presumption of soundness was rebutted, but rather was deciding "whether, given the evidence and the law as they appeared before the rating board at the time of the 1953 rating decision, the rating board's decision was clearly and unmistakably— undebatably—erroneous."  Id., slip op. at 10.  As such, the Board held that "the conclusion [in 1953] that the veteran's hearing loss preexisted his entry into service and was not aggravated thereby is not undebatably erroneous, because it is supported by clear and unmistakable medical evidence that the left ear hearing loss existed prior to service and was not aggravated therein."  Id., slip op. at 9-10.

The Veterans' Court affirmed the Board's decision.  Kent v. Principi, No. 02-917 (Vet. App. Oct. 28, 2003).  The Veterans' Court noted that its standard of review for CUE claims is "limited to whether the Board's conclusion was 'arbitrary and capricious, an abuse of discretion, or not in accordance with the law.'"  Id., slip op. at 2 (citation omitted).

Kent timely appealed to this court.  We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

## II.  DISCUSSION

### A.  Standard of Review

The scope of this court's review of a decision of the Veterans' Court is governed by 38 U.S.C. § 7292(d).  In accordance with the statute, this court "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions."  38 U.S.C. § 7292(d)(1) (2000).  This court reviews an interpretation of 38 U.S.C. § 1111

by the Veterans' Court de novo. Lane v. Principi, 339 F.3d 1331, 1338 (Fed. Cir. 2003). However, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

B. Analysis

1. Presumption of Soundness

Kent argues that the Board and the Veterans' Court misinterpreted 38 U.S.C. § 1111 because they failed to properly apply the presumption of soundness. Kent contends that the evidence relied upon by the Regional Office was legally insufficient to constitute clear and unmistakable evidence of the preexistence of his hearing loss. Under 38 U.S.C. § 1111, entrants to service are presumed to be in good health, absent some evidence to the contrary upon entry:

> For the purposes of section 1110 of this title, every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance, and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service.

38 U.S.C. § 1111 (2000). This presumption that service entrants are in sound condition is referred to as the "presumption of soundness." As the statute specifies, the presumption of soundness can only be rebutted by clear and unmistakable evidence. Kent's argument focuses on the meaning of clear and unmistakable evidence.

According to Kent, where an entrance examination fails to reveal a defect or disorder that is later detected, the presumption of soundness of section 1111 becomes irrebuttable. In Kent's view, the irrebuttable presumption arises because any later-

04-7062                                    4

discovered evidence of the presence of a preexisting condition would be in conflict with the entrance examination indicating that the condition was not preexisting. Kent argues that in the face of such conflict, one cannot logically conclude that clear and unmistakable evidence establishes either proposition. The government responds that section 1111 contemplates precisely such conflicting evidence because rebuttal cannot occur absent an entrance examination indicating no disability. Kent counters that under his interpretation of section 1111, rebuttal of the presumption may occur if the defect was not subject to testing or was "merely not noted at induction," but cannot occur if the condition was tested and found not to exist. Thus, Kent seeks to turn the clear and unmistakable evidentiary standard into a per se rule barring rebuttal of the presumption if an entrance examination indicates that a condition was tested and found not to exist upon entry into service.

We do not think that Kent's interpretation is a proper reading of section 1111. Kent's reading of the statute would elevate an entrance examination to the level of conclusive proof of the nonexistence of a condition. As the government points out, section 1111 contemplates a conflict between the results of the entrance examination indicating absence of a condition and other evidence suggesting preexistence of the condition. The presumption would be meaningless if such conflicting evidence could not be considered. Nothing in the language of section 1111 suggests that the results of an entrance examination must be deemed conclusive. While Kent argues for a distinction between entrance examinations affirmatively testing for a condition and those that do not, section 1111 makes no such distinction, nor does the standard of proof of clear and unmistakable evidence imply such a distinction. As we said in Harris v. West, 203 F.3d

1347, 1349 (Fed. Cir. 2000), "All that [38 U.S.C. § 1111] requires is that the evidence, whatever it may be, must lead, clearly and unmistakably, to the conclusion that the injury or disease existed before the veteran entered the service." The clear and unmistakable evidentiary standard applies to the burden to rebut the presumption, but this standard does not require the absence of conflicting evidence. The presumption of soundness is rebuttable even in the face of an entrance examination affirmatively indicating that the condition in question was tested and found not to exist upon the service member's entry into service.

## 2. Standard of Review in the Veterans' Court

Kent argues that the question of whether there is clear and unmistakable evidence to rebut the presumption of soundness is a question of law, subject to de novo review by the Veterans' Court. Thus, Kent concludes that the Veterans' Court erred in applying the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard of review of 38 U.S.C. § 7261(a)(3)(A). See Kent v. Principi, No. 02-917, slip op. at 2 (Vet. App. Oct. 28, 2003). We agree that a question as to the legal sufficiency of the evidence is a question of law. See Lennox v. Principi, 353 F.3d 941, 945 (Fed. Cir. 2003) ("So too if the BVA holds that, as a matter of law, service connection is or is not established by particular facts so that 'the relevant legal principle [is] . . . given meaning through its application to the particular circumstances of a case,' the clearly erroneous standard does not apply." (citation omitted) (alteration in original)). We also agree that the Veterans' Court is obliged to review questions of law de novo. See Lane, 339 F.3d at 1339 ("Because interpretation of a statute or regulation is a question of law, we hold that the Veterans Court should review de novo the Board's

interpretation of a regulation in the setting of a section 7111 CUE claim." (citation omitted)). However, as we have previously held, the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard of review employed by the Veterans' Court contemplates <u>de novo</u> review of questions of law. As we said in <u>Lane v. Principi</u>, "In the first place, both section 7261(a)(1) ('decide all relevant questions of law') and section 7261(a)(3)(A) ('otherwise not in accordance with law') necessarily contemplate <u>de novo</u> review of a legal issue such as the Board's interpretation of a regulation." <u>Id.</u> Indeed, in the present case, the Veterans' Court expressly noted that CUE may be shown where "the statutory or regulatory provisions extant at the time were incorrectly applied." <u>Kent</u>, No. 02-917, slip op. at 2.

In affirming the denial of Kent's CUE claim, the Veterans' Court examined the facts presented to the Regional Office in 1953 before concluding that Kent's claim would require a reweighing of the evidence and that such a reweighing was impermissible in a CUE claim. In particular, the Veterans' Court stated,

> His argument highlights one medical evaluation based at least in part on his purported statements, but fails to mention another contemporaneous medical examination, by a different examiner, that, without reference to any such statements, also found left-ear hearing loss existing prior to service and not aggravated thereby. To address Mr. Kent's argument, the Court would have to engage in reevaluating each piece of evidence before the RO in January 1953 to determine how probative it is, in pursuit of reaching its own conclusion as to whether clear and unmistakable evidence was present to rebut the presumption of soundness.

<u>Id.</u> (citation omitted). While the Veterans' Court did not expressly address Kent's argument that the evidence presented was legally insufficient to constitute clear and unmistakable evidence of preexistence of his hearing loss, the Veterans' Court implicitly rejected his interpretation of 38 U.S.C. § 1111 in its conclusion that to find clear and unmistakable error, the Veterans' Court would have to reweigh all of the evidence. If

04-7062                                                7

the Veterans' Court had agreed with Kent's interpretation of the statute, no reweighing of the evidence would have been necessary, as Kent's presumption of soundness would have been irrebuttable. Although the Veterans' Court did not expressly address Kent's challenge to the legal sufficiency of the evidence, we cannot say that the court employed the wrong standard of review in evaluating Kent's CUE claim.

## CONCLUSION

Because Kent's proffered interpretation of 38 U.S.C. § 1111 is incorrect and because he showed no error in the Veterans' Court's review of his CUE claim, we affirm.

## AFFIRMED