# United States Court of Appeals for the Federal Circuit

05-7125

ESTELLE WALTZER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Donald E. Kinner, Assistant Director. Of counsel on the brief was Y. Ken Lee, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

05-7125

ESTELLE WALTZER,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: May 9, 2006

_____

Before LOURIE, RADER, and LINN, Circuit Judges.

LINN, Circuit Judge.

Estelle Waltzer ("Waltzer") appeals from the judgment of the United States Court of Appeals for Veterans Claims ("Veterans' Court") affirming the Board of Veterans' Appeals' ("Board") denial of her claim of clear and unmistakable error in a February 1979 decision severing her award of service connection for her psychiatric disorder. Waltzer v. Nicholson, No. 01-2086 (Vet. App. Jan. 19, 2005) ("Memorandum Order"). Because this court lacks jurisdiction to hear this appeal, it is dismissed.

## I. BACKGROUND

Waltzer served on active duty from October 24, 1975 to August 18, 1976. On September 23, 1977, the Department of Veterans Affairs ("VA") awarded Waltzer service connection for schizophrenia. Subsequently, on December 16, 1977, the VA proposed to sever her award of service connection on the ground that her psychiatric

condition had preexisted service. In connection with the severance proceedings, a field examination was conducted, during which the VA obtained copies of her medical records from 1973 to 1975. Those records reflected that in 1973 and 1974 Waltzer had been treated at a crisis intervention center on numerous occasions; that she was noted to have looseness of association; that the examiners' impressions had included "rule out schizophrenia and acute schizophrenia episode"; and that she had been treated with several medications. Additionally, those records reflected that Waltzer had been treated by Dr. Greenfield from January 1974 to October 1975. Memorandum Order, slip op. at 3. Taking those records into consideration, the VA, in April 1978, again proposed to sever Waltzer's award of service connection.

In July 1978, the VA severed Waltzer's award of service connection, finding that a clear and unmistakable error had been committed in the September 1977 decision. The VA concluded that her psychiatric disorder had existed prior to service and that it had not been aggravated during service. Waltzer appealed the VA decision to the Board. On February 5, 1979, the Board upheld the severance of Waltzer's service connection.

In May 2001, Waltzer submitted to the Board a motion for revision of the 1979 Board decision on grounds of clear and unmistakable error, arguing that, at the time of the February 1979 Board decision, there was no clear and unmistakable evidence reflecting either that she suffered from a preexisting psychiatric condition or that a preexisting condition was not aggravated by service. On October 23, 2001, the Board denied Waltzer's motion for revision of the February 1979 Board decision, concluding that Waltzer's argument for clear and unmistakable error was nothing more than a

disagreement as to the weighing of the facts at the time of the February 1979 Board decision and, therefore, was not a valid basis for clear and unmistakable error.

Waltzer appealed the October 2001 Board decision to the Veterans' Court. On January 19, 2005, the Veterans' Court affirmed the October 2001 Board decision. The Veterans' Court concluded that the Board properly found that Waltzer's argument for clear and unmistakable error amounted to a disagreement with the manner in which the Board, in 1979, had weighed and evaluated evidence, which could not be a basis for clear and unmistakable error. Memorandum Order, slip op. at 6.

Following entry of judgment, Waltzer timely appealed to this court.

## II. DISCUSSION

### A. Standard of Review

The scope of this court's review of a decision of the Veterans' Court is governed by 38 U.S.C. § 7292(d). In accordance with the statute, this court "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1) (2000). Absent a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

### B. Analysis

Under 38 U.S.C. § 1111, the presumption that entrants to military service are in sound condition, referred to as "presumption of soundness," may be rebutted only "where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by [the veteran's military] service." 38 U.S.C. § 1111 (2000).

05-7125                                   3

Waltzer contends that the evidence relied upon by the VA was legally insufficient to constitute clear and unmistakable evidence necessary to sever her award of service connection. Consequently, Waltzer argues, the Veterans' Court erred by refusing to review the evidence de novo to determine whether the evidence was legally sufficient to rebut the presumption of soundness. The government responds that the determination of whether the evidence before the Board in 1979 was legally sufficient to rebut the presumption of soundness is not a legal question and involves application of law to facts, over which this court does not possess jurisdiction. Citing this court's decision in Kent v. Principi, 389 F.3d 1380 (Fed. Cir. 2004), Waltzer counters that her argument regarding the legal sufficiency of the evidence is a question of law.

We disagree with Waltzer's argument regarding the sufficiency of the evidence. A challenge to the legal sufficiency of the evidence tests whether the evidence in question, as a matter of law, is capable of meeting the applicable legal standard. "Strictly speaking, evidence is said to be insufficient in law only in those cases where there is a total absence of such proof, either as to its quantity or kind, as in the particular case some rule of law requires as essential to the establishment of the fact." Metro. R.R. Co. v. Moore, 121 U.S. 558, 569 (1887). In this instance, Waltzer does not argue either that there was no evidence to rebut the presumption of soundness, or that the evidence relied upon by the Board in 1979 was of such character that it was, as a matter of law, insufficient to rebut the presumption. Thus, regardless of her choice of words in characterizing her claim, Waltzer's challenge to the sufficiency of the evidence is not a challenge to the legal sufficiency of the evidence. Instead, Waltzer merely

challenges the weight or sufficiency in fact of the evidence required to rebut the presumption of soundness.

Our precedent is clear that "whether the evidence regarding [the veteran's] pre-existing condition rises to the level of 'clear and unmistakable evidence' is simply the application of the facts to the legal standard established by section 1111, an issue that we are without jurisdiction to consider." Belcher v. West, 214 F.3d 1335, 1338 (Fed. Cir. 2000); see Harris v. West, 203 F.3d 1347, 1350 (Fed. Cir. 2000) (holding that the question of whether evidence in a case is sufficient to rebut the statutory presumption of soundness involves the application of law or regulation to the facts and is outside our jurisdiction to review). Thus, we are without jurisdiction to review Waltzer's challenge to the sufficiency of the evidence required to rebut the presumption of soundness.

Waltzer's reliance on our decision in Kent is misplaced. In Kent, we stated that "a question as to the legal sufficiency of the evidence is a question of law." 389 F.3d at 1383. However, as the context of that statement makes clear, Kent does not stand for the proposition that questions regarding the sufficiency in fact of the evidence, which require application of law to fact, are within the jurisdiction of this court. In Kent, the veteran argued that the presumption of soundness resulting from a clear pre-entry physical could not be overcome by later-discovered independent medical evidence of a preexisting condition because such independent medical evidence is of a character that, in the face of a conflicting pre-entry physical, is incapable, as a matter of law, of meeting the legal standard of "clear and unmistakable evidence" necessary to overcome the presumption under § 1111. Id. at 1383. We held in Kent that § 1111 contemplated precisely such a conflict in the evidence and that the statute cannot be interpreted in a

way that would make the presumption of soundness irrebuttable.  Id.  Nothing in the court's opinion suggests that questions regarding the weighing of evidence are in any way subject to the jurisdiction of this court.

### III.  CONCLUSION

Because we do not have jurisdiction to review this appeal, it is dismissed.

### DISMISSED