HAGEL, Judge,
joins, concurring in part and dissenting in part:
I concur with the majority’s conclusion that the plain and unambiguous language of 38 U.S.C. § 1722A(a)(1) requires a veteran to pay a full copayment for a 30-day supply of medication, without regard to the dosage or number of pills prescribed to the veteran. I write separately, however, to express my disagreement with the majority’s conclusion that the phrase “cost to the Secretary for medication,” as used in section 1722A(a)(2), is susceptible to more than one interpretation.
The majority concludes that the phrase “cost to the Secretary for medication” contained in section 1722A(a)(2) is ambiguous in that it “can be construed as limited to the cost VA paid for actual medication only or can be interpreted as including the Secretary’s costs in dispensing the medication, i.e., his administrative costs.” Majority Opinion at 373. I would conclude that this language is clear, unambiguous, and cannot be construed as including costs incurred by the Secretary in dispensing the medication.
“The starting point in interpreting a statute is its language, for ‘[i]f the intent of Congress is clear, that is the end of the matter.’ ” Good Samaritan Hasp. v. Shalala, 508 U.S. 402, 409, 113 S.Ct. 2151, 124 L.Ed.2d 368 (1993) (quoting Chevron U.S.A., Inc. v. Natural Res. Def. Council, *377 Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). “In determining the plain meaning of statutory language, ‘legislative purpose is expressed by the ordinary meaning of the words used.’ ” Jones v. Brown, 41 F.3d 634, 638 (Fed.Cir.1994) (quoting Ardestani v. INS, 502 U.S. 129, 136, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991)).
The statutory provision at issue here, section 1722A(a)(2), states: “The Secretary may not require a veteran to pay an amount in excess of the cost to the Secretary for medication described in paragraph (1).” As the majority notes and I agree, section 1722A(a)(2) therefore refers back to section 1722A(a)(1) to clarify which medication is at issue. See Talley v. Derwinski, 2 Vet.App. 282, 286 (1992) (holding that “[e]ach part or section [of a statute] should be construed in connection with every other part or section so as to produce a harmonious whole” (citation omitted; internal quotation marks omitted)). In relevant part, section 1722A(a)(1) provides that “the Secretary shall require a veteran to pay the United States $2 for each 30-day supply of medication furnished such veteran under this chapter on an outpatient basis for the treatment of a non-service-connected disability or condition 38 U.S.C. § 1722A(a)(1) (emphasis added). Accordingly, when these provisions are read together, section 1722A(a)(2) clearly prevents the Secretary from “requiring] a veteran to pay an amount in excess of the cost to the Secretary for [each 30-day supply of medication furnished such veteran under this chapter on an outpatient basis for the treatment of a non-service-connected disability or condition].” 38 U.S.C. § 1722A(a).
Nowhere in this statutory interplay is there a reference to administrative costs incurred by the Secretary in dispensing the veteran’s 30-day supply of medication, costs that are wholly apart from the cost to the Secretary for the medication itself. Congress could, of course, have included language in the statute prohibiting the Secretary from requiring a veteran to pay more than the cost to the Secretary for the medication plus the cost of the Secretary’s overhead for dispensing that medication. To this end, it is notable that in 2002, when Congress first authorized VA to increase the $2 copayment found in section 1722A(a)(1) by adding subsection (b), it did not, in any way, alter the language of section 1722A(a)(2). See The Veterans Millennium Health Care and Benefits Act, Pub.L. 106-117, Title II, § 201(a)(2), 113 Stat. 1560 (Nov. 30, 1999). Certainly, if Congress wished to allow VA to pass on rising administrative and pharmacy costs to veterans by virtue of increased copay-ments for medication furnished to them, it could have done so by removing subsection (a)(2) of section 1722A or adding language to that subsection that contemplated such costs. As it did not do so, however, I believe the meaning of the statutory language, and therefore Congress’s intent, is clear and does not contemplate such administrative costs. Accordingly I would determine that this “is the end of the matter” and that both the Court and VA “must give effect to the unambiguously expressed intent of Congress,” which is to prohibit the Secretary from charging a veteran a copayment for a 30-day supply of medication in excess of the cost to the Secretary for that medication. Chevron, 467 U.S. at 842, 104 S.Ct. 2778.
To be clear, I find no conflict between the past and present versions of 38 C.F.R. § 17.110 and section 1722A. By amending section 1722A to add subsection (b), Congress clearly empowered VA to promulgate regulations increasing the copayment charged to veterans, previously set by statute at $2. Further, because, in section 1722A(a)(1), Congress initially established a blanket copayment of $2 to be paid by all *378 such veterans, regardless of the type or amount of medication furnished, it cannot be said that VA acted unreasonably by maintaining a blanket copayment when it promulgated § 17.110 in 2002. Nevertheless, pursuant to the plain language of section 1722A(a)(2), any copayment for which a veteran would ordinarily be responsible pursuant to section 1722(a)(1) and § 17.110 must be reduced when that amount would be in excess of the cost to the Secretary for the 30-day supply of medication furnished to the veteran, regardless of the type of medication or dose prescribed.
In the present case, because the appellant is required to split his Atenolol tablets to obtain the desired dose, his 30-day supply of medication is 15 tablets. He argues that, by requiring him to pay the full co-payment amount established by § 17.110 ($7 from February 4, 2002, to December 31, 2005, and $8 thereafter), VA is violating section 1722A(a)(2) by charging him more than the cost of this medication to the Secretary. Inherent in this argument is the appellant’s contention that the Secretary pays less for 15 Atenolol tablets than VA has required him to pay (previously $7, now $8) as a copayment.
The appellant also made this argument on appeal to the Board. See Supplemental R. at 8 (“The Board additionally notes that the veteran has repeatedly asserted that the cost of $7 for his co[ jpayment is excessive and in violation of 38 U.S.C.[] § 1722A.”). In dismissing this argument, the Board relied on the Veterans Health Administration study of VA’s pharmacy administrative costs that was referenced by the Secretary in the 2001 proposed rulemaking that ultimately led to the promulgation of 38 C.F.R. § 17.110 (2002). As noted in the majority opinion, that study found that “VA incurred a cost of $7.28 to dispense an outpatient medication even without consideration of the actual cost of the medication.” 66 Fed.Reg. 36,-960, 36,961 (2001) (emphasis added). The Board reasoned that, because the study indicated that VA incurs a $7.28 administrative cost every time it dispenses medication on an outpatient basis, “it [is] clear that VA’s cost of filling the [appellant’s] 30-day prescription exceeds the $7 co[]payment established under § 17.110.” Supplemental R. at 9. Implicit in this reasoning is that the Board interpreted section 1722A(a)(2) as including the Secretary’s administrative costs associated with dispensing the medication as part of the cost of the medication to the Secretary.
When a pure question of law, such as the interpretation of a statute, is at issue, the Court reviews the conclusions of the Board de novo, without deference. Smith v. Gober, 14 Vet.App. 227, 230 (2000). As explained above, after reviewing the language of section 1722A, I would conclude that the plain and unambiguous language of subsection (a)(2) prohibits the Secretary from requiring a veteran to pay an amount in excess of the cost to the Secretary for each 30-day supply of medication furnished to him or her, without regard to the administrative costs incurred by the Secretary in actually dispensing such medication. I would therefore conclude that the Board’s interpretation of that provision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. See Kent v. Principi, 389 F.3d 1380, 1384 (Fed.Cir.2004) (holding that the “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law” standard of review “contemplates de novo review of questions of law”). Accordingly, I would set aside the Board’s December 2008 decision to the extent that it concluded that the appellant’s copayment was not excessive under section 1722A(a)(2) and would remand the matter for further development and readjudica *379 tion consistent with a proper interpretation of section 1722A(a)(2).
Lastly, I understand that some might say that the interpretation that I express would place an unnecessary accounting burden on VA. The calculation that I believe the statute requires VA to make in these instances is, however, routinely made up front by private pharmacies when determining the profit margin sought on each drug dispensed to their customers. Thus, I do not believe that such a calculation places an unreasonable burden on VA. As a result, I do not believe that my interpretation of section 1722A produces an absurd result.