NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EARL LEWIS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7122

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-1641, Judge Bruce E. Kasold.

---

Decided: April 14, 2011

---

BARBARA J. COOK, Cincinnati, Ohio, argued for claimant-appellant.

ANUJ VOHRA, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and DANA RAFFAELLI, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before LOURIE, PLAGER, and LINN, *Circuit Judges*.

PER CURIAM.

The issue in this veteran's appeal is whether the Court of Appeals for Veterans Claims ("Veterans Court") properly held that the Board of Veterans Appeals ("Board") did not specifically need to address a 2002 report prepared by the Department of Veterans Affairs ("VA") in rendering its determination that Mr. Lewis did not suffer an in-service cold injury. Because the Veterans Court properly applied the accepted law to the facts of this case, we *dismiss* the appeal.

## I. BACKGROUND

Earl Lewis was in the United States military from January 1949 to June 1952. During that time, he served in the Korean War at the Chosin Reservoir where he was exposed to extremely cold conditions. Several years after his military discharge, Mr. Lewis began to develop an onset of progressive cold intolerance and paresthesias (sensation of tingling, pricking, or numbness of a person's skin). In 1970, Mr. Lewis began undergoing treatments for cold intolerance.

Mr. Lewis filed two claims with the VA regional office, one in 2001 and one in 2005, for entitlement to service connection for residuals of a cold injury to his hands and

feet, diabetes, residuals of pneumonia, and sympathec-
tomy, all of which he argued were the result of frostbite
that he suffered while serving in Korea. *In the Appeal of
Earl Lewis*, No. 03-24 808, 2008 WL 4312036, at *4 (Bd.
Vet. App. Mar. 10, 2008). The regional office denied his
claims in August 2002 and June 2005, respectively.[1] *Id.*
at *1-2.

Subsequently, in October 2006, a VA medical exam-
iner evaluated Mr. Lewis and found that he did not sus-
tain a discrete cold injury while on military service.
*Lewis v. Shinseki*, No. 08-1641, 2010 WL 174115, slip op.
at 2 (Vet. App. Jan. 20, 2010). The examiner further
concluded that Mr. Lewis' neuropathy stemmed from his
diabetes and not from cold exposure. *In the Appeal of
Earl Lewis*, 2008 WL 4312036, at *7-8.

Mr. Lewis appealed the 2002 and 2005 regional office
decisions to the Board where he included a newspaper
article entitled "U.S. To Pay Vets for WWII, Korea Frost-
bite Ills." The article generally involved the VA's recogni-
tion of the long-term effects of frostbite. In March 2008,
the Board rendered its decision upholding the regional
office determinations, but it did not specifically mention
the newspaper article in its decision. *Lewis v. Shinseki*,
2010 WL 174115, slip. op. at 1. Mr. Lewis appealed the
Board's determination to the Veterans Court and asked it
to consider yet another piece of evidence—a 2002 report
from the VA entitled "Cold Injury: Diagnosis and Man-
agement of Long Term Sequelae." The Veterans Court
agreed to consider the report, but still affirmed the
Board's decision finding that the 2002 report and the

---

[1] In August 2007, the regional office awarded Mr.
Lewis a service connection for hypochondriasis and as-
signed a ten percent rating.

newspaper clipping were general in nature and did not refute the medical examiner's opinion that Mr. Lewis' symptoms were not due to a cold injury. *Id.* at 2. Mr. Lewis now appeals to this court.

## II. DISCUSSION

Under 38 U.S.C. § 7292, this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We have jurisdiction "to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute." *Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004). However, except with respect to constitutional issues, we do not have jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

The premise of Mr. Lewis' appeal is that the Veterans Court misinterpreted its review statute by not remanding the case to the Board to examine the 2002 report with respect to his claim for service connection. This amounts to a question regarding the sufficiency in fact of evidence, which is neither a question of law nor a question of statutory interpretation. *See Waltzer v. Nicholson*, 447 F.3d 1378, 1380 (Fed. Cir. 2006) (holding that a challenge to the weight or sufficiency in fact of the evidence is not a challenge to the legal sufficiency of the evidence). Despite the appellant's valiant but unpersuasive efforts to the contrary, there is nothing in the record before us or in the decision and judgment of the Veterans Court that reflects

a considered interpretation of a statute or regulation that would be subject to review by this court. 38 U.S.C. § 7292(a). The case presents at most an example of application of law to the particular facts of the case, an activity by the Veterans Court that Congress has expressly precluded us from reviewing. 38 U.S.C. § 7292(d)(2). Finding no other basis for our review of Mr. Lewis' case, we must dismiss his appeal.

**DISMISSED**

COSTS

Each party shall bear its own costs.