NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**DENNIS SATEREN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7067

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3858, Judge Lawrence B. Hagel.

---

Decided: May 5, 2011

---

DENNIS SATEREN, of Portsmouth, Virginia, pro se.

ELLEN M. LYNCH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief was

DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––––

Before NEWMAN, GAJARSA, and LINN, *Circuit Judges*.

PER CURIAM.

Dennis Sateren ("Sateren") appeals from a final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming the decision of the Board of Veterans' Appeals ("Board"), which denied his claim to service-connected benefits for rheumatoid arthritis and inflammatory synovitis. *Sateren v. Shinseki*, No. 08-3858 (Vet. App. Jul. 26, 2010). For the reasons discussed below, this court dismisses Sateren's appeal.

## BACKGROUND

Sateren served in the military from April 1965 to April 1967. During that time, he alleges he was exposed to Agent Orange in Vietnam. Many years after his military discharge, Sateren sought compensation for rheumatoid arthritis and inflammatory synovitis. In April 2000, a Veterans Affairs regional office denied his claim and Sateren appealed.

In the course of pursuing his claim for benefits, Sateren underwent several medical examinations. None of the examiners concluded that his rheumatoid arthritis or inflammatory synovitis was conclusively related to Agent Orange exposure. In fact, none of these examiners was able to determine the cause of Sateren's condition.

One examiner, in April 2008, reported that she had made a review of medical literature that uncovered only a single article suggesting a possible relationship of rheumatoid arthritis to Agent Orange exposure. This examiner noted weaknesses in that article and concluded that

the evidence was insufficient to establish a correlation between Sateren's condition and Agent Orange exposure.

In July 2008, the Board denied Sateren's claim. The Board found the April 2008 opinion among the most probative items of medical evidence because it contained a review of the medical literature and the examiner's medical opinion that the medical evidence was insufficient to link Sateren's condition to Agent Orange exposure. After reviewing Sateren's file, the Board concluded that a preponderance of evidence was against his claim.

Sateren appealed to the Veterans Court, arguing that the Board inadequately explained its basis for relying on certain medical opinions while affording less weight to others. Sateren further argued that the evidence in his case was at least in equipoise, entitling him to the benefit-of-the-doubt. The Veterans Court affirmed. It concluded that the Board properly explained its decision, committed no legal error in weighing the evidence, and that Sateren was not entitled to the benefit-of-the-doubt because the evidence was not in equipoise. Sateren timely appealed to this court.

## DISCUSSION

This court's authority to review decisions of the Veterans Court is extremely limited. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the Veterans Court in its decision. In appeals from the Veterans Court not presenting a constitutional question, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2). In other words, this court lacks authority to review challenges to the Board's factual determinations. *See, e.g.*, *Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed. Cir. 1991).

Sateren's appeal challenges the Board's findings that there was insufficient evidence to establish service connection and that Sateren was not entitled to the benefit of the doubt. Both are factual determinations or, at best, involve the application of the law to the particular facts of the case. *Waltzer v. Nicholson*, 447 F.3d 1378, 1380 (Fed. Cir. 2006) (challenges to the sufficiency of the evidence are beyond the authority of this court to review); *Ferguson v. Principi*, 273 F.3d 1072, 1076 (Fed. Cir. 2001) (a finding that the evidence is not in equipoise for the benefit-of-the-doubt provision, 38 U.S.C. § 5107(b), "involves no interpretation of the statute," and is beyond the authority of this court to review). Nothing in the record reflects an interpretation of a statute or regulation reviewable by this court. 38 U.S.C. § 7292(a). This case presents, at best, a challenge relating to the application of law to the particular facts of the case, an activity we are foreclosed from reviewing in appeals from the Veterans Court. *Id.* § 7292(d)(2). Accordingly, this court must dismiss Sateren's appeal.

## DISMISSED

### COSTS

Each party shall bear its own costs.