NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JENNIE G. URBAN,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7119

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-2789, Judge William P. Greene, Jr.

---

Decided: October 7, 2011

---

JENNIE G. URBAN, of Holland, Michigan, pro se.

COURTNEY S. MCNAMARA, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant Gen-

eral Counsel and RACHAEL T. SHENKMAN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, MOORE, *Circuit Judge*, and AIKEN, *District Judge*.[1]

PER CURIAM.

Jennie Urban appeals from the United States Court of Appeals for Veterans Claims ("Veterans Court"), asserting numerous errors by that court and the Department of Veterans Affairs ("VA"). Several of the alleged errors are outside this court's jurisdiction. This court affirms on the remainder of the questions.

## I

Mrs. Urban is the surviving spouse of Matt Urban, a highly-decorated World War II veteran. Mr. Urban received many honors for his outstanding service, including seven Purple Hearts and the Congressional Medal of Honor. Mr. Urban was wounded on several occasions during combat, and as a result was awarded service-connected compensation following his discharge from the military in 1946.

Mr. Urban died in March of 1995. Thereafter, Mrs. Urban sought dependency and indemnity compensation from the VA. In the process of helping Mrs. Urban, a representative from the Veterans of Foreign Wars of the United States discovered an unprocessed application for additional service-connected benefits which Mr. Urban had filed in 1986. The record does not disclose the reason

---

[1]    Honorable Ann Aiken, Chief Judge, United States District Court for the District of Oregon, sitting by designation.

that the VA did not process this claim. Subsequently, Mrs. Urban sought accrued benefits as well—"those [benefits] based on evidence in the file at [the] date [of the veteran's] death . . . due and unpaid." 38 U.S.C. § 5121(a). The VA responded with a thorough review of Mr. Urban's record.

The VA eventually determined that its original ratings decision awarding Mr. Urban benefits at a 70 percent disability rating had been "clearly and unmistakably erroneous by not considering whether Mr. Urban was entitled to service connection for residuals of wounds to the left leg, right forearm, right hand, right thigh, and left side of the chest." In other words, the VA had not considered all of Mr. Urban's service-connected injuries at the time of his discharge. The VA revised Mr. Urban's initial rating, stating that his combined disability rating as of 1946 should have been 90 percent. Examining Mr. Urban's 1986 claim, the VA concluded that Mr. Urban had a combined disability rating of 100 percent as of May of 1986.

Mrs. Urban was therefore entitled to the accrued benefits, equaling the difference between the retirement pay Mr. Urban had received during his lifetime and the money due according to the revised disability ratings. At the time of Mr. Urban's death, though, the accrued benefits statute limited the retroactive effect of an award. Specifically, the statute stated that the "due and unpaid" benefits were limited to "a period not to exceed two years." *Id.* § 5121(a) (1997).[2] The Veterans Benefits Act of 2003

---

[2]    The version of section 5121 in effect at the time of Mr. Urban's death actually limited recovery to a period of one year, and the statute was changed effective October 8, 1996. The VA Office of General Counsel determined, however, that claims pending at the time of the change would receive the benefit of the additional year.

amended the statute and removed the two year time limit, but that amendment applies only to deaths occurring on or after December 16, 2003. Pub. L. No. 108-183, § 104(a), (d), 117 Stat. 2651, 2656. Accordingly, Mrs. Urban received the difference between her husband's retirement pay and the amount he would have been entitled to under a 100 percent disability rating for two years.

Mrs. Urban continued to press her claims, contending that the VA committed a multitude of errors, including a failure to find service-connection for a number of injuries and a failure to give an earlier effective service-connected date for injuries. Additionally, Mrs. Urban argued that she was entitled to payments for the specially-adapted house her husband required.

The Board of Veterans' Appeals ("Board") denied all of Mrs. Urban's remaining claims. In a detailed opinion, the Board explained that it could not find service-connection for several of Mr. Urban's conditions. Second, the Board held that Mrs. Urban's claims for earlier effective dates of certain injuries were "moot." The Board explained that Mrs. Urban was limited to recovery for accrued benefits for two years, and because she had received benefits for two years at a 100 percent rating, an earlier effective date would provide no additional award. Third, the Board found that the preponderance of the evidence was against increasing any ratings. Finally, the Board held that Mrs. Urban was not entitled to payment for a specially-adapted house because such a payment could not be considered an accrued benefit within the meaning of the statute. Mrs. Urban appealed.

The Veterans Court affirmed. The Veterans Court noted that Mrs. Urban's claims for earlier effective dates for injuries were "compelling but inapposite" due to the two year limitation for accrued benefits. Finally, the

court agreed that Mrs. Urban could not receive payment for specially adapted housing under section 5121.

Mrs. Urban appealed once again, pro se, to this court.

## II

This court's review of Veterans Court decisions is limited by 38 U.S.C. § 7292. Under subsection 7292(a), this court may review

> the validity of a decision of the [Veterans Court] on a rule of law or of any statute or regulation (other than a refusal to review the schedule of ratings for disabilities adopted under section 1155 of this title) or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision.

Factual disputes, including questions of law as applied to the facts, are beyond this court's jurisdiction unless they involve constitutional questions. *Id.* § 7292(d)(2). Otherwise, this court's jurisdiction is limited to "all relevant questions of law." *Id.* § 7292(d)(1). Questions of statutory interpretation are reviewed without deference. *Cook v. Principi*, 353 F.3d 937, 938 (Fed. Cir. 2003).

As she did before the Board and the Veterans Court, Mrs. Urban contends that the VA failed to award her husband service-connection for certain injuries and failed to give proper disability ratings. These contentions involve questions of fact that are beyond this court's review. *See Waltzer v. Nicholson*, 447 F.3d 1378, 1380 (Fed. Cir. 2006) (noting that the sufficiency of evidence presented is a question of fact); *Pierce v. Principi*, 240 F.3d 1348, 1357 (Fed. Cir. 2001) (noting that challenges to ratings are outside this court's jurisdiction). Likewise,

the effective date for service-connected benefits for a given injury is a question of fact, unreviewable by this court. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010).

Mrs. Urban's claim to benefits beyond two years, however, is a question of law and within this court's jurisdiction. As explained by the Board and the Veterans Court, the version of the statute in effect when Mr. Urban died provided for beneficiaries to receive accrued benefits "due and unpaid," but only for "a period not to exceed two years." 38 U.S.C. § 5121(a) (1997). This clear statutory language controls the question Mrs. Urban raises. Despite the VA calculation errors on Mr. Urban's benefits back as far as 1946, the statute limits recovery to two years.

Additionally, this court concludes that payment for specially-adapted housing in accordance with 38 U.S.C. § 2101 cannot be an "accrued benefit" under section 5121. Section 2101 establishes the requirements for a veteran to qualify for financial assistance for specially-adapted housing. The limitations on the assistance are provided for in 38 U.S.C. § 2102. At the time of Mr. Urban's death, regulations established that the assistance available under section 2101 would "not be available to any veteran more than once." 38 C.F.R. §§ 3.809, 3.809a (1997). Plainly, the payments to be provided for specially-adapted housing were not intended to be continuous or "periodic." As such, the specially-adapted housing payments are not "accrued benefits" under section 5121. The Veterans Court was therefore correct in denying Mrs. Urban compensation for specially adapted housing.

## III

Mr. Urban provided his country with extraordinary service, sacrificing his health and well-being in the proc-

ess.  But this is a court of law, bound by the statutes as they existed at the time of Mr. Urban's death.

**AFFIRMED**