NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**LOUIS A. PEREZ,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

———————————

2012-7173

———————————

Appeal from the United States Court of Appeals for Veterans Claims in case no. 12-0503, Judge Alan G. Lance, Sr.

———————————

**ON MOTION**

———————————

Before NEWMAN, LOURIE, and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs (Secretary) moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss this appeal.  Appellant Louis A. Perez, who is a veteran seeking Department of Veterans Affairs disability compen-

sation benefits, has not responded to the Secretary's motion.

In a September 13, 2011 decision of the Board of Veterans Appeals (Board), Mr. Perez was denied entitlement to service connection for a back disorder. On February 13, 2012, 153 days after the issuance of the Board's decision, he filed a notice of appeal with the Untied States Court of Appeals for Veterans Claims (Veterans Court) seeking review of that decision. In light of the lateness of the appeal, the Veterans Court ordered Mr. Perez to show cause why his case should not be dismissed for lack of jurisdiction, but he failed to respond.

In its June 26, 2012 decision dismissing the appeal, the Veterans Court acknowledged that the 120–day filing period for filing an appeal is subject to equitable tolling. However, because Mr. Perez failed to give any reason as to why his appeal should not be dismissed, the Veterans Court held that there was no basis to satisfy the requisites for justifying equitable tolling of the 120-day appeal period. This appeal followed.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). We have jurisdiction over "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We lack jurisdiction, however, over any "challenge to a factual determination" or "challenge to a law or regulation as applied to the facts of a particular case" unless the challenge presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Perez's informal brief does not take issue with the Veterans Court's decision, but instead appears to contend that the Board failed to take proper account of

the fact that he was young and in excellent health when he entered the service without any history of back problems. Because the essence of that argument is simply a disagreement over whether the evidence was sufficient for entitlement to benefits, it raises only an issue of the application of law to fact, which is not within the appellate jurisdiction of this court. *See Waltzer v. Nicholson*, 447 F.3d 1378, 1380 (Fed. Cir. 2006) (sufficiency of evidence presented is a question of fact outside of this court's limited jurisdictional review). Since Mr. Perez presents no other arguments in his brief, we agree with the Secretary that this appeal should be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1)   The motions are granted.   The appeal is dismissed.

(2)  Each side shall bear its own costs.

FOR THE COURT


/s/ Jan Horbaly
Jan Horbaly
Clerk


s26



ISSUED AS A MANDATE: March 5, 2013