Note: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MELVIN L. WILLIAMS,**
*Claimant-Appellant*

v.

**ROBERT D. SNYDER, ACTING SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7103

---

Appeal from the United States Court of Appeals for
Veterans Claims in No. 14-0850, Judge Bruce E. Kasold.

---

Decided: January 31, 2017

---

CHARLES THOMAS COLLINS-CHASE, Finnegan, Hender-
son, Farabow, Garrett & Dunner, LLP, Washington, DC,
argued for claimant-appellant. Also represented by
RONALD LEE SMITH; PIER D. DEROO, Palo Alto, CA.

EMMA BOND, Commercial Litigation Branch, Civil Di-
vision, United States Department of Justice, Washington,
DC, argued for respondent-appellee. Also represented by
BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN
F. HOCKEY, JR., MATTHEW PAUL ROCHE; BRIAN D. GRIFFIN,

MEGHAN ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

REYNA, *Circuit Judge.*

Mr. Williams appeals a decision of the United States Court of Appeals for Veterans Claims (CAVC), which affirmed a decision by the Board of Veterans' Appeals (Board) that denied Mr. Williams' claim for service connected disability benefits. We find that the CAVC did not err as a matter of law in determining that the Department of Veterans Affairs (VA) presented the clear and unmistakable evidence necessary to overcome the presumption of soundness. We therefore *affirm.*

## BACKGROUND

Mr. Williams voluntarily enlisted in the Marine Corps. His entrance examination in July 1975 found no back disability. After starting boot camp, Mr. Williams began experiencing lower back pain. In the following months, Mr. Williams received several medical examinations, which resulted in the diagnosis of two congenital back conditions, meaning that the conditions were present from birth. *See* A15−17.

Due to his back conditions, Mr. Williams was declared unfit for full duty and honorably discharged. A March 1976 Medical Board report concluded that Mr. Williams' disability was not incurred or aggravated in service. Based on that report, Mr. Williams' claim for service connected disability benefits was denied. *See id.*

Mr. Williams later sought treatment for back pain, which radiated down his thighs to his knees. In 1995, a VA examiner diagnosed Mr. Williams with chronic lower back pain. In the years that followed, Mr. Williams made several attempts to reopen his claim for disability bene-

fits, all of which the VA's Regional Office denied on the grounds that no new and material evidence had been submitted to support reopening the claim. In 2008, Mr. Williams appealed these denials to the Board. Resp. Br. at 5−6.

In 2010, Mr. Williams' private physician wrote a letter in support of Mr. Williams' claim. The 2010 letter explained that Mr. Williams had been experiencing lower back pain and that his leg pains were "a result of the original back injury." A444. Several friends and family members submitted affidavits testifying that Mr. Williams did not have a back condition before entering service. Mr. Williams also testified in support of his claim, stating that his injury was the result of carrying heavy backpacks on long marches during boot camp. *See* A17−19.

In light of this new evidence, in May 2011 the Board reopened Mr. Williams' claim for service connected disability benefits. In June 2011, a VA orthopedist examined Mr. Williams and acknowledged that Mr. Williams' pain began during boot camp. However, the 2011 report concluded that Mr. Williams' current condition "is not related to the injury in service, but rather due to his preexisting [congenital back disability] and natural age progression." A341. This determination was largely based on the 1976 Medical Board report. *See* A17−19, 341.

The Board denied Mr. Williams' claim. The Board recognized that Mr. Williams benefits from the presumption of soundness because his entrance examination did not reveal any lower back disability. Nevertheless, the Board concluded that the 1976 Medical Board report and the 2011 VA examiner's report effectively rebut the presumption of soundness because they provide clear and unmistakable evidence that Mr. Williams' back disability pre-existed his military service and that his back disability was not increased or aggravated during service. In

doing so, the Board explained that the 2011 and 1976 opinions were more credible than Mr. Williams' personal physician's 2010 report. A20−23.

The CAVC affirmed, finding that, when the medical evidence was reviewed as a whole, the 1976 medical report and the VA examiner's 2011 report provide clear and unmistakable evidence that Mr. Williams' injury was not aggravated in service. A2−3. Mr. Williams appeals.

JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction to review a final decision of the CAVC with respect to a rule of law that the CAVC relied on in making its decision. 38 U.S.C. § 7292. We review such legal questions *de novo*. *See Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991).

Absent a constitutional question, we do not possess jurisdiction to review any challenge to a factual determination or the application of a law or regulation to the facts of a particular case. *Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010). Therefore, we do not have jurisdiction to review whether the evidence presented in a particular case meets the applicable legal standard. *See e.g., Waltzer v. Nicholson*, 447 F.3d 1378, 1380 (Fed. Cir. 2006).

DISCUSSION

To be eligible for VA disability benefits, a veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. *Shedden v. Principi*, 381 F.3d 1163, 1166−67 (Fed. Cir. 2004).

To guide the determination of whether a disability was incurred or aggravated during service, Congress

provided for a special evidentiary rule known as the presumption of soundness:

> Every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service, except as to defects, infirmities, or disorders noted at the time of the examination, acceptance and enrollment, or where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service.

38 U.S.C. § 1111.

In effect, the presumption of soundness means that if a condition is not noted in the veteran's entrance examination, the government must produce clear and unmistakable evidence demonstrating that the condition existed before enrollment and was not aggravated by service. Otherwise, the veteran's condition is presumed to have been incurred or aggravated during service. *See Wagner v. Principi*, 370 F.3d 1089, 1096 (Fed. Cir. 2004). It is undisputed that Mr. Williams is entitled to the presumption of soundness, because his entrance examination did not indicate any symptoms of a back disability.

Mr. Williams raises two arguments that the CAVC committed legal error, neither of which is persuasive. First, he argues that the CAVC failed to apply *de novo* review when determining whether clear and unmistakable evidence exists to rebut the presumption of soundness. The CAVC reviews whether evidence meets the clear and unmistakable standard *de novo,* as a question of law. *Kent v. Principi*, 389 F.3d 1380, 1383−84 (Fed. Cir. 2004). While the CAVC did not affirmatively state that it was applying *de novo* review, it did correctly state that it reviews Board decisions under the "arbitrary, capricious, abuse of discretion, or otherwise not in accordance with law" standard, and this court has explained that such

review contemplates *de novo* review of questions of law. *Id.* It is not apparent that the CAVC showed any deference to the Board's finding; instead, it seems that the CAVC reviewed the Board's analysis, agreed with that analysis, and reached the same result.

Second, Mr. Williams argues that the CAVC erred by finding that clear and unmistakable evidence exists to rebut the presumption of soundness because the record contains conflicting testimony from competent medical examiners as to whether Mr. Williams' disability is service connected. According to Mr. Williams, the clear and unmistakable evidence standard cannot, as a matter of law, be met when two competent medical examiners disagree as to the effect service had on a disability.

We disagree. The VA may weigh the probative value of conflicting expert reports when determining whether clear and unmistakable evidence exists to rebut the presumption of soundness. Mr. Williams' proffered line of reasoning is foreclosed by our holding in *Kent*, where we expressly stated that the clear and unmistakable standard "does not require the absence of conflicting evidence." 389 F.3d at 1383.

The VA is not precluded from finding the presumption of soundness is rebutted on the sole basis that two experts disagree as to whether an injury was incurred or aggravated by service. That said, the VA must weigh such competing evidence carefully, keeping in mind that Congress intended the veterans' benefits program to be claimant-friendly. The VA cannot discount a competent medical examiner's report for reasons that are not in accordance with law. Any decision finding that an expert report offered by a claimant is entitled to less weight than evidence offered by the VA should include a reasoned explanation as to why that finding is warranted.

Mr. Williams has not presented argument that his physician's report was improperly afforded less weight

than the VA examiners' reports.  Further, it is not clear how such an argument could be availing, given that the physician's report offered by Mr. Williams does not address whether Mr. William's disability was aggravated in service.  A444.  Therefore, we *affirm*.

## AFFIRMED

### COSTS

Each party will bear its own costs.