Citation Nr: 1761201 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 09-04 201 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, claimed as nervous breakdown.


REPRESENTATION

Appellant represented by: Peter J. Meadows, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

T. J. Anthony, Associate Counsel


INTRODUCTION

The Veteran had active service from April 1969 to August 1969.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a January 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Newark, New Jersey. The case is currently under the jurisdiction of the VA RO in St. Petersburg, Florida.

In September 2010, the Veteran testified at a hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the record.

In May 2011, the Board issued a decision denying the Veteran's claim. The Veteran appealed the Board's decision to the Court of Appeals for Veterans Claims (Court), which vacated and remanded the Veteran's appeal in November 2011 for actions consistent with a Joint Motion for Remand. Thereafter, the Board remanded the appeal in August 2012, December 2013, July 2014, and January 2015 for further development.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board finds that the appeal must unfortunately be remanded once again so that VA may comply with prior Board remand directives.

In its January 2015 remand, the Board noted that, in an August 2014 addendum, a January 2014 VA psychologist opined that the theory advanced by another medical professional that the administration of megadoses of medication at the beginning of the Veteran's period of active service led to a psychiatric breakdown was without widely held medical support. However, the examiner, who is a clinical psychologist, strongly recommended that the theory be further addressed by a psychiatrist or other medical doctor. The Board further noted that no effort had been taken to have a psychiatrist or other medical doctor address the theory. Therefore, the Board directed the AOJ to, among other things, afford the Veteran a VA examination by a neuropsychiatrist to ascertain the impact, if any, of the administration of a claimed megadose of medication(s) to the Veteran at the time of his entrance into active service or within the first two months of his period of service.

A review of the record reveals that the Veteran was not provided a VA examination with a neuropsychiatrist as directed in the January 2015 Board remand. Compliance with Board remand directives is not discretionary and the Board errs as a matter of law when it fails to ensure remand compliance. See Stegall v. West, 11 Vet. App. 268, 271 (1998). Therefore, because the VA examination by a neuropsychiatrist was not provided as directed, the Board must remand the matter so that the January 2015 remand directives may substantially be completed.

Accordingly, the case is REMANDED for the following action:

1. Afford the Veteran a VA examination by a neuropsychiatrist or other medical doctor qualified to provide the information requested below. The record should be provided to the clinician in its entirety for use in the study of this case. Such examination should include a detailed psychiatric history, mental status evaluation, and any other testing deemed necessary by the examiner. All pertinent diagnoses should be set out in detail.

The examining clinician should offer opinions as to each of the following:

a) Was any currently diagnosed psychiatric disorder present during service? If so, is it clear and unmistakable that any such acquired psychiatric disorder existed prior to the Veteran's entrance into active service in April 1969 and, if so, is it equally clear and unmistakable that any preexisting disorder was not aggravated during his active service beyond the normal progression of the disorder? The examiner should note that, for VA purposes, a personality disorder is not an acquired psychiatric disorder for which service connection may be granted.

b) If any currently existing disorder referenced in (a) above did not either preexist service or if preexisting was not aggravated in service, is it at least as likely as not (50 percent or greater probability) that any such disorder had its onset during the Veteran's active service or is otherwise attributable to his active service or any event therein?

As to both of the above-noted questions, the examiner should assess the impact, if any, of the Veteran's reported receipt of various medications at the time of his entrance into active service and in the months following. In addressing this question, the examiner should discuss in detail the theory that the Veteran's acquired psychiatric disorder was caused by a megadose of medication(s) administered at the beginning of his period of active service, which was put forth by Dr. A. B. in November 2013. 

The examiner is advised that, for legal purposes, aggravation is defined as a worsening of the underlying disability beyond its natural progression, as opposed to a temporary flare-up of symptoms.

The examiner is further advised that "clear and unmistakable" evidence is that which is manifest and undebatable. However, the clear and unmistakable evidentiary standard does not require the absence of conflicting evidence. See Kent v. Principi, 389 F.3d 1380, 1383 (Fed. Cir. 2004).

2. After completion of the above, review the expanded record, including the evidence entered since the most recent supplemental statement of the case, and determine whether service connection may be granted. If any benefit sought remains denied, furnish the Veteran and his representative with a supplemental statement of the case. A reasonable period should be allowed for response before the appeal is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).