NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GILBERT DE WAYNE DAVIS,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1435

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1083, Judge Alan G. Lance Sr., Judge Bruce E. Kasold, Judge Margaret C. Bartley.

---

Decided: May 12, 2017

---

GILBERT DE WAYNE DAVIS, Aurora, CO, pro se.

ANDREW W. LAMB, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before REYNA, LINN, and TARANTO, *Circuit Judges.*

PER CURIAM.

Mr. Gilbert Davis appeals a decision of the United States Court of Appeals for Veterans Claims, which dismissed-in-part and affirmed-in-part a decision by the Board of Veterans' Appeals denying Mr. Davis' request for special monthly compensation for aid and assistance. Mr. Davis makes several discernable arguments in his informal brief. First, it appears Mr. Davis argues that he was entitled to submit additional evidence supporting his claim that the Board denied. Second, Mr. Davis appears to argue that the Board failed to consider all the evidence before it and deprived him of due process. Because Mr. Davis has not shown a denial of due process, we *affirm*.

## BACKGROUND

Mr. Davis served on active duty in the Air Force from February 1981 to July 1986. At the time of his discharge, Mr. Davis was rated by the U.S. Department of Veterans Affairs ("VA") as thirty percent disabled. By 1996, the VA rated Mr. Davis sixty percent disabled based on the pes planus of his left foot, degenerative changes and joint disease in his knees with genu valgum, and tarsal tunnel syndrome in his feet. The VA also granted Mr. Davis total disability based on an individual unemployability rating.

In 2007, Mr. Davis sought, among other things, entitlement to special monthly compensation ("SMC"). SMC is available to "[e]xtraordinarily disabled veterans already receiving a 100% disability rating" and is "over and above the monthly amount for total disability." *Guillory v. Shinseki*, 603 F.3d 981, 983 (Fed. Cir. 2010); 38 C.F.R. § 3.352(a).

On July 28, 2008, the VA's Denver Regional Office denied Mr. Davis' request for an SMC rating because "there [was] no evidence [he was] bedridden or that [he was] so helpless as to require the aid and attendance of another person to perform the tasks of everyday living." Suppl. App. 57–58, 65 ("SA"). The Regional Office relied on an April 17, 2008 medical exam, during which Mr. Davis reported that he was able to feed himself, bathe himself, dress and undress, had no bladder or bowel incontinence, could attend church, appointments, and go grocery shopping. The VA maintained Mr. Davis' service-connected disability ratings for pes planus, the degeneration changes and joint degeneration in his knees with genu valgum and tarsal tunnel syndrome, and denied his other requests for service connection.

In 2009, Mr. Davis appealed the SMC denial. On August 24, 2012, the Board denied the appeal.

Mr. Davis appealed the Board's decision to the Veterans Court. The VA recommended that the Veterans Court set aside the denial and remand to the Board to consider treatment records bearing on Mr. Davis' need for regular aid and attendance. These treatment records were generated prior to the Board decision in 2012, but were added to the claims file after the decision. The Veterans Court thus determined that the treatment records were constructively before the Board. The Veterans Court further noted that "[o]n remand, Mr. Davis may present, and the Board must consider, any additional evidence and argument in support of the matter remanded." SA39.

On remand, the Board found that the previously omitted treatment records showed that Mr. Davis "ha[d] problems or deficits in three or more activities of daily living" but that "the extent to which his service-connected disabilities are responsible for these deficits" was unclear. SA33. The Board concluded that a new medical examina-

tion was necessary and remanded to the Denver Regional Office with specific instructions to "afford the Veteran an aid and attendance examination to determine the current nature and severity of his service-connected disabilities." SA34.

Mr. Davis failed to appear for the new examination. When the VA contacted him about rescheduling the exam, Mr. Davis represented that "he is aware, and does not wish to reschedule the exam" and that he "is working towards filing a new claim . . . ." SA30. Based on his failure to appear for examination and his statement that he would not appear, the Denver Regional Office issued a Supplemental Statement of the Case in February 2014, again denying Mr. Davis' claim for SMC. In making its determination, the Denver Regional Office considered private treatment records submitted by Mr. Davis on February 3, 2014.

Mr. Davis again appealed to the Board. The Board denied his claim for SMC based on his failure to present "any reason for his failure to report for the scheduled examination." SA12. The Board noted that the VA sent Mr. Davis a letter in November 2013, advising him that his claim may be denied if he failed to appear for a new medical examination and that the Denver Regional Office had informed Mr. Davis in its February 2014 Supplemental Statement of the Case that absent good cause, "when a claimant fails to report for an examination scheduled in conjunction with an increased rating claim, the claim shall be denied." *Id.*; *see also* SA26 (quoting 38 C.F.R. § 3.655).

Mr. Davis appealed the Board's decision to the Veterans Court. He argued that the Board failed to comply with the Veterans Court's remand order, and that the Board denied him "one review before the Secretary," thus depriving him of the "ability to present the best argument before the Board and the Secretary." SA3 (internal quota-

tion marks omitted). The Veterans Court affirmed, finding that the Board's decision to require an additional medical examination was not clearly erroneous, and that the Board had the authority under governing regulations to deny a claim for an increased rating if the claimant misses an examination without good cause. The Veterans Court further found that Mr. Davis failed to show that missing a scheduled examination without good cause constituted a denial of any statutory or due process right.

Mr. Davis appeals. We have jurisdiction under 38 U.S.C. §§ 7292(a), (c).

### STANDARD OF REVIEW

Our standard of review in this case is limited. We review de novo legal determinations by the Veterans Court. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). We have jurisdiction over all relevant questions of law, including interpretations of constitutional and statutory authority. 38 U.S.C. § 7292(d)(1).

Absent a constitutional question, we do not possess jurisdiction to review any challenge to a factual determination or the application of law or regulation to the facts of a particular case. *Guillory*, 603 F.3d at 986. Therefore, we do not have jurisdiction to review whether the evidence presented in a particular case meets the applicable legal standard. *See, e.g., Waltzer v. Nicholson*, 447 F.3d 1378, 1380 (Fed. Cir. 2006).

### DISCUSSION

Mr. Davis challenges the denial of entitlement to SMC. Mr. Davis argues that he was deprived of due process because (1) he "was entitled to submit other evidence and that the Board had [an] obligation to consider this evidence," and (2) that he "was entitled to have [his] claim for benefit based on the entire evidence before the Secretary [of the VA] at the time of the decision." Attach. to Appellant's Informal Br. 1.

We find no denial of due process. Procedural due process requires notice and fair opportunity to be heard. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313–14 (1950); *see Jones v. Flowers*, 547 U.S. 220, 226 (2006).

Here, the VA provided notice that failure to attend a new medical examination would result in a denial of SMC in the November 2013 letter and in the Denver Regional Office's February 2014 Supplemental Statement of the Case. The Denver Regional Office also provided Mr. Davis with a copy of the VA regulations 38 C.F.R. §§ 3.655(a)–(b) that states a claim for increase "shall be denied" if a Veteran fails to report for an examination scheduled in conjunction for a claim for increase without good cause. The Statement of the Case further provided Mr. Davis with examples of circumstances that constitute good cause.

Mr. Davis also had a fair opportunity to be heard. The VA gave Mr. Davis a number of opportunities to explain why he did not appear for the new examination. First, the VA telephoned Mr. Davis to reschedule the medical examination, but Mr. Davis stated that he did not wish to reschedule the exam and that he was working towards filing a new claim. He provided no reason for his refusal to participate in a new medical examination. Second, after issuing the February 2014 Supplemental Statement of the Case, denying his SMC claim, the VA provided Mr. Davis with an opportunity to respond and to present additional comments or evidence. Mr. Davis still did not provide the VA with any reason why he did not appear for the scheduled medical examination. Third, in his appeal to the Board, Mr. Davis persisted in not presenting any reason for his failure to report for the medical examination.

To the extent Mr. Davis challenges the VA's application of its regulation to his claim of entitlement to SMC,

this court lacks jurisdiction over that challenge. 38 U.S.C. § 7292(d)(2). Other arguments made by Mr. Davis are inapplicable and we do not further consider them.

The decision of the Veterans Court is *affirmed*.

## AFFIRMED

### COSTS

No costs.